FANNING *v.* TOWN OF HICKORY.

(Division B.　April 21, 1947.)

[30 So. (2d) 65.　No. 36442.]

W. D. Conn, Jr., of Jackson, for appellant.

C. E. Johnson, of Union, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellant conducted a filling station, general merchandise store and restaurant, and in connection with the latter was licensed to, and did, sell beer, within the corporate limits of Hickory, Mississippi, and was so engaged when the Board of Mayor and Aldermen of Hickory, on September 4, 1945, passed a municipal zoning ordinance under authority of Chapter 171, Laws 1934, now Section 10224, Code 1942, as amended by Chapter 133, Laws 1944.

By the terms of the ordinance the sale of beer and wine as legalized by Chapter 171, Laws 1934, was declared, however, to be unlawful within 1,500 feet of any church or school. Section 1 of the ordinance provided that "the sale of any such beer or wine, within any of said zoned territory in said town of Hickory shall be unlawful and is hereby prohibited, at any and all times." Violation was made punishable by fine or imprisonment or both.

The preamble to the ordinance recites that "the Mayor and Board of Aldermen of the Town of Hickory, in Newton County, Mississippi, have carefully considered and heard evidence as to the effects of the sale and consumption of the beer and wines legalized by Chapter 171, of the Laws of Mississippi, of 1934, as amended, and find that the sale of any such beer or wine, when done near any church or school in the Town of Hickory, Mississippi, is injurious and damaging to the public health and morals, and it is calculated to and does increase danger to safety of children, youth and people attending churches,

and to people attending schools of the town," and concluding that zoning would promote public health, morals, peace and safety to the people of Hickory, and in order to do so, the ordinance was adopted. It was agreed that there was no question as to the regularity of the adoption thereof. Appellant's place of business was within 1,500 feet of a large public school.

Appellant subsequently applied to the Circuit Court of Newton County for a writ of prohibition against the enforcement of the ordinance on the ground that it was "an unreasonable and confiscatory exercise of the powers conferred on the Mayor and Board of Aldermen of the said Town of Hickory, and that as a result thereof, said ordinance is void."

The Court denied the application for the writ of prohibition, and held that the ordinance did not represent an unreasonable exercise of power, and was not an excessive or oppressive use thereof by the Mayor and Board of Aldermen. We have carefully considered the record and the briefs and have concluded that the judgment of the Circuit Court was correct. The issue here is controlled by Ford v. Easterling, Justice of the Peace et al., 183 Miss. 575, 184 So. 153, 119 A. L. R. 634.

Denial of the writ of prohibition here by the Circuit Court was proper for the further reason that the petition therefor joined, as the only defendants thereto, the Mayor and the members of the Board of Aldermen, the Town Clerk, and the Town Marshal, none of whom were judicial officers—the Mayor not being sued as ex-officio justice of the peace, but as Mayor only. In the case of Holmes et al. v. Board of Supervisors of Forrest County et al., 199 Miss. 363, 24 So. (2d) 867, a writ of prohibition was sought to prevent the Board of Supervisors and the sheriff from enforcing an order of the Board of Supervisors forbidding sale of beer. There we said: "the sole function of the writ (of prohibition) is to restrain judicial action against the petitioner." None of the parties

defendant in the case at bar was a judicial officer, and hence could perform no judicial function. Therefore, for this reason, too, the Circuit Court properly refused the writ to petitioner.

The judgment of the lower Court will be and is affirmed.

Affirmed.