**Linda WILLIAMS et al., Plaintiffs-Appellants-Cross Appellees,**

**v.**

**George KIMBROUGH et al., Defendants-Appellees-Cross Appellants.**

**No. 27550**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 5, 1969.

---

William Bennett Turner, Jack Greenberg, Norman C. Amaker, New York City, A. P. Tureaud, New Orleans, La., Murphy W. Bell, Baton Rouge, La., for appellant.

Thompson L. Clarke, Dist. Atty., St. Joseph, La., Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Baton Rouge, La., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

The district court held that four Negro teachers employed by the Madison Parish school system had been dismissed in violation of the holding in United States v. Jefferson County Board of Education, 372 F.2d 836, aff'd with modifications on rehearing en banc, 380 F.2d 385, cert. denied sub nom, Caddo Parish School Bd. v. United States, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967). In so holding, the district court denied the school teachers' motion for attorneys' fees. That denial is the sole question raised on appeal.

■ Attorneys' fees are historically beyond the scope of taxable costs. Globemaster, Inc. v. Magic Am. Corp., 6 Cir. 1967, 386 F.2d 420. Their award necessarily requires a permitting statute,[1] a contractual obligation, or an equitable discretion in the trial court. Brisacher v. Tracy Collins Trust Company, 10 Cir. 1960, 277 F.2d 519.

■ The trial court found that the teachers' dismissals were not "unreasonable and obdurately obstinate" and accordingly did not tax attorneys' fees against the school board. See Bradley v. School Board of City of Richmond, Virginia, 4 Cir. 1965, 345 F.2d 310. We find no compelling circumstances to justify overturning the trial court's discretion in refusing to award attorneys' fees. We affirm. See Kemp v. Beasley, 8 Cir. 1965, 352 F.2d 14; Harrington v. Texaco, 5 Cir. 1964, 339 F.2d 814.

Affirmed.

1. The Civil Rights Act of 1964, Title II, specifically allows attorneys' fees in cases filed to redress discrimination in Public Accommodation Actions. The Act provides no legal basis for attorneys' fees in school desegregation cases. Kemp v. Beasley, supra.