Patricia Ann **HORTON**, et al.,
Plaintiffs-Appellants,

v.

The **LAWRENCE COUNTY BOARD OF EDUCATION**, et al., Defendants-Appellees.

No. 71–1581.

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1971.

U. W. Clemon, Birmingham, Ala., Norman Chachkin, New York City, Adams, Baker & Clemon, Birmingham, Ala., James Nabrit, III, Jack Greenberg, New York City, for plaintiffs-appellants.

Gene H. Lentz, Decatur, Ala., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this appeal appellants seek to recover back pay for a demoted black

school principal and reasonable attorneys' fees arising out of a suit to integrate the public school system of Lawrence County, Alabama. Since we hold that additional findings are necessary on both issues, we remand for consideration on the merits by the district judge.

Appellants, representing the black citizens of Lawrence County, filed an action to integrate the county's public schools on July 9, 1966. Initially, a freedom-of-choice plan was put into effect by the district court, but on December 11, 1969, appellants filed a motion to require the Lawrence County Board of Education (hereafter Board) to establish a unitary school system in compliance with the then recent decisions of Green v. County School Board of New Kent County, Virginia, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, and Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19. In this motion appellants included a request for reasonable attorneys' fees.

The district court held a hearing, and on June 12th and August 13th of 1970, entered orders which made no mention of attorneys' fees, but which ostensibly established a unitary school system by pairing schools in entities called single administrative units. However, with the beginning of school in the fall of 1970 it became apparent that the Board had effectively circumvented the court's desegregation plan by consistently pairing an all-white school and a traditionally black school of identical grade structure together in the same administrative unit, and then allowing the students within each unit to choose which of the two schools they would attend. Predictably, the white students chose one school and the black students elected another, resulting in a dual school system similar to the old freedom-of-choice plans struck down by Green v. County School Board of New Kent County, supra, and Alexander v. Holmes County Board of Education, supra.

The Board also admittedly failed to employ nondiscriminatory criteria in selecting the staff members who, due to the reorganization of the school system, had to be demoted to lower paying positions.

In response to this turn of events, appellants filed motions demanding that the dual school system be abolished; that the school superintendent be held in contempt for failing to obey the court's orders; and that several black staff members be awarded back pay for the discriminatory demotions. On December 29, 1970, the district court rendered a decision which granted most of the back pay demands (with the exception of a claim to be noted later), and required the Board to immediately dismantle its dual school system, 320 F.Supp. 790. The court declined to hold the superintendent in contempt, but it did state that the defendant school officials had employed a "subterfuge for perpetuating a dual school system" and that "defendants have totally defaulted in the representation made by them to this Court, namely, that authorization of administrative units would not result in any facility becoming identified as a school for one race or another".

 It is settled law in this circuit that federal district courts may, at their discretion, award attorneys' fees in civil rights litigation where the actions of the defendants were "unreasonable and obdurately obstinate". Lee v. Southern Home Sites Corporation, 5 Cir., 1970, 429 F.2d 290; Williams v. Kimbrough, 5 Cir., 1969, 415 F.2d 874. Nevertheless, as appellants conceded on oral argument before this court, the district judge in the case at bar has never ruled on their demand for attorneys' fees. Since this court is not empowered to make an initial adjudication of such a claim, we remand this issue to the district court for its determination without even the slightest intimation as to whether the Board did or did not engage in such conduct as would merit an award of reasonable attorneys' fees to appellants.

Appellants' second and final contention concerns the back pay award which the district court granted Ollie Luster.

It is uncontested that Luster, a black high school principal, was unlawfully demoted to an elementary school principalship with a substantial decrease in pay. Accordingly, the district court ordered the Board to pay Luster the additional amount he would have received had he not been illegally demoted from his position as high school principal. However, from this award the court deducted the compensation Luster received from his job as an instructor at night in the county vocational school. In their brief appellants contend that the night employment was a secondary job, totally unrelated to Luster's duties as an elementary school principal and that "at a time when other principals in the system are presumably at home enjoying their leisure, Luster is teaching a night class at the county's trade system".

 If this assertion is true, and Luster's night employment actually was separate and distinct from his position as principal of the elementary school, the district court erroneously deducted the compensation. Back pay is normally an integral part of the equitable remedy of reinstatement used by the federal courts to restore aggrieved litigants to the positions they should have occupied had it not been for the unlawful deprivation of their constitutional rights. See Harkless v. Sweeny Independent School District, 5 Cir., 1970, 427 F.2d 319. And while it is true that payment of back wages must be diminished by earnings received during the interim period, the whole purpose of equitable restoration would be frustrated by deducting compensation obtained from a second unrelated job which a litigant could have held even if he had not suffered from illegal discrimination.

However, the issue of whether the two jobs were related or separate is a question of fact which remains undecided by the district court. The court's only ruling in this matter was that Luster was not to receive back pay "for any periods for which he receives compensation as an instructor at the vocational school". We therefore remand this question to the district court so that it may hold an evidentiary hearing, if necessary, and decide the issue of Luster's back pay award in accordance with the views expressed herein.

Reversed and remanded with directions.