463 F.2d 1174
 Anthony T. LEE et al., Plaintiffs, United States of America,
Plaintiff-Intervenor, National Education Association, Inc.,
Plaintiff-Intervenor, Rev. F. N. Nixon et al.,
Plaintiffs-Intervenors-Appellants,
v.
MACON COUNTY BOARD OF EDUCATION et al., Defendants, Sumter
County School System, Defendant-Appellee.
 No. 71-3008.
 United States Court of Appeals,
 Fifth Circuit.
 July 17, 1972.
 
 U. W. Clemon, Birmingham, Ala., Theodore J. Garrish, Atty., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Jack Greenberg, New York City, for appellants.
 Solomon S. Seay, Jr., Montgomery, Ala., for National Education Association, Inc.
 Hubbard & Waldrop, Tuscaloosa, Ala., for appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 As the result of the Terminal Desegregation Plan for the Sumter County, Alabama, School System established by the original three-judge court (Circuit Judge Rives, District Judges Johnson and Grooms), some formerly 1-12 grade schools were reduced to 1-9 grade schools, and two schools, Livingston High and Sumter County High were changed to grades 10-12. Appellants, who are private plaintiffs-intervenors, contend that improper criteria were thereafter used by the School Board in connection with the retention, promotion, and demotion of school principals.
 
 
 2
 Amended nonracial objective criteria for employing, dismissing, transferring, promoting and demoting teachers and staff members in compliance with Singleton v. Jackson Municipal Separate School District, 5 Cir., 1970, 419 F.2d 1211, cert. denied, 396 U.S. 1032, 90 S.Ct. 612, 24 L.Ed.2d 530 (1970), were finally developed in a conference held on August 6, 1971, between the Trial Judge and all parties, including the United States, the National Education Association, plaintiffs, and the appellants. Neither the United States nor the National Education Association has appealed. On this appeal appellants object to the criteria insofar as they provide that "Comparable scores on the National Teachers Examination will be a factor for consideration in determining employment or promotion of teachers and principals." The Board's use of the National Teachers Examination as one of the factors for consideration in the nonracial objective criteria was not improper. Cf. United States v. Texas Education Agency, 5 Cir., 1972, 459 F.2d 600, 604.
 
 
 3
 Appellants' appeal is also directed to the order of the District Court dated August 20, 1971, which overruled appellants' motion to reconsider a prior order of the District Court dated June 23, 1971. The prior order held that two black teachers who had been promoted to the principalship and assistant principalship, respectively, of formerly all-white Livingston High School were promoted in compliance with Singleton standards and that the principal claims for relief as to which evidence was offered have been met. In their motion for reconsideration of the June 23, 1971 order, appellants contended that "the defendant school board had never evaluated the qualifications of all of the principals in the system in light of non-racial objective criteria." They also complained that certain principals were unconstitutionally demoted and entitled to back pay. On appeal, they contend that a white assistant principal was unconstitutionally promoted to principal in violation of Singleton. The record filed herein is devoid of any evidence on these issues. And it is not clear whether the Board's action in appointing school principals after the desegregation order first referred to herein, occurred in accordance with the nonracial objective standards of Singleton. As an appellate court we cannot operate in a vacuum. We must learn the facts. If they have not so far been elicited in an adversary hearing, they must be, though on this record we cannot say one way or the other.
 
 
 4
 Accordingly, the cause is remanded to the District Court for an evidentiary hearing and entry of appropriate findings of fact and conclusions of law on the issue of whether the Board has violated Singleton standards pertaining to nonracial objective criteria, in employing, dismissing, transferring, promoting, or demoting principals and staff in the system after implementing the Terminal Desegregation Plan. Cf. Singleton, supra; United States v. Texas Education Agency, 5 Cir., 1972, 459 F.2d 600; Horton v. Lawrence County Board of Education, 5 Cir., 1971, 449 F.2d 793; Lee v. Macon County Board of Education, 5 Cir., 1971, 453 F.2d 1104. We intimate no view on the ultimate merits of the case.
 
 
 5
 Affirmed in part, vacated and remanded in part.