**Nicholas M. BLOCK, II, Plaintiff-Appellant,**

**v.**

**Ronnie THOMPSON, Mayor of the City of Macon, Georgia, et al., Defendants-Appellees.**

**No. 72-2701**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1973.

---

* Rule 18, 5 Cir.; see Isbell ·Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**588**

Benjamin M. Garland, Macon, Ga., Wesley R. Asinof, Atlanta, Ga., for plaintiff-appellant.

Lawton Miller, Macon, Ga., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

## PER CURIAM:

This is an appeal from the refusal of the district court by declaratory and injunctive relief to order the City Council of Macon, Georgia to allow the appellant to transfer his licensed liquor store to another location within the city. We reverse and remand.

The Council first approved the transfer but acting pursuant to an unchallenged ordinance permitting reconsideration [1] and apparently after hearing the views of some citizens as Section 3–40 permits,[2] the Council rescinded its former action and denied the transfer.

Pressing hard the now famous Hornsby v. Allen, 5 Cir., 1964, 326 F.2d 605 [3] which moved the now versatile United States District Judge from the firing line or position of the engineer in the locomotive cab, Florida E. C. Ry. Co. v. Brotherhood of R. Trainmen, 5 Cir., 1964, 336 F.2d 172, to that of a dispenser of Georgia municipal liquor licenses, appellant makes a number of constitutional claims. We need discuss only one.

On a record which is pitifully thin, without even so much as a copy of the entire liquor licensing ordinance, we agree that the provision for a public hearing at which time views of citizens will be heard (see note 2, *supra*) fails to set forth sufficiently specific objective criteria as to the basis for allowing or disallowing a transfer. The idea of a hearing is fine. But what is to be heard? For all that appears, the Council after hearing views pro and con could take a show of hands and then adapt its decision to this momentary plebiscite.

1. Before the minutes of any previous meeting of council are confirmed, any member may call for reconsideration of the action of council relative to the same, and such business shall be first in order. Sec. 2–17, Macon Code of Ordinances.

2. The committee and the city council shall determine the location of all retail whiskey stores and in making such determination shall consider the views expressed by proponents and opponents of each application for a retail whiskey license. Sec. 3–40, Macon Code of Ordinances.

3. Since then we have dealt frequently with the problem in Georgia, see, e. g., Barnes v. Merritt, 5 Cir., 1967, 376 F.2d 8 (first appeal) ; Barnes v. Merritt, 5 Cir., 1970, 428 F.2d 284 (second appeal) ; Parks v. Allen, 5 Cir., 1969, 409 F.2d 210 (first appeal) ; Parks v. Allen, 5 Cir., 1970, 426 F.2d 610 (second appeal) ; Turner v. Thompson, 5 Cir., 1970, 421 F.2d 771 ; and occasionally elsewhere, e. g., Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 5 Cir., 1970, 426 F.2d 142 (Florida).

■■ But although we hold this invalid on *this* record, this is a long way from reversing with directions to enter a mandatory order. For the right of the state to regulate liquor is broad, Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 5 Cir., 1970, 426 F.2d 142; California v. LaRue, 1972, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342, and the city of Macon should have an opportunity of enacting within a reasonable time [4] to be fixed by the Judge, an ordinance which will pass the *Hornsby* muster as to criteria and suitable hearing. We cannot forecast either the outcome under the new ordinance or its adequacy in a constitutional sense. That must be for another day—and if Macon does the job right, hopefully that day will never come.

Reversed and remanded.

---

4. Of course, the District Court has full power to set deadlines and police good faith compliance even to the point of granting affirmative relief if footdragging occurs.