James **GRIFFIN**

v.

**JACKSON PARISH SCHOOL BOARD et al.**

Civ. A. No. 18391.

United States District Court,
W. D. Louisiana,
Monroe Division.

Sept. 19, 1973.

Kidd & Katz, Paul H. Kidd, and Stephen Katz, Monroe, La., for plaintiff.

Leon H. Whitten, Dist. Atty., Jonesboro, La., for defendants.

## MEMORANDUM OPINION

PUTNAM, District Judge.

In this case plaintiff, James Griffin, a coach at Chatham High School in Jackson Parish, filed this suit in October, 1972 for reinstatement to his position on the faculty at said school after having been discharged by the defendant, Jackson Parish School Board. For written reasons assigned on January 18, 1973, the Honorable Benjamin C. Dawkins, Jr., then Chief Judge of the Western District of Louisiana, rendered judgment ordering and directing the defendant, Jackson Parish School Board, to reinstate plaintiff to his former position in the school system and enjoining it from dismissing him upon the charges alleged against him.

The matter is before the Court on motion of the attorney for Mr. Griffin for attorney's fees. It is stipulated that in the preparation, filing and prosecution of the case plaintiff's attorney worked a total of sixty-six and one-half hours and that the minimum fee proposed by the Louisiana State Bar Association in April, 1963, states that attorneys should be compensated at a rate of $35.00 per hour. The parties further agree that this rate would prevail in the event plaintiff is successful in his motion. The total fee would be $2327.50.

We have carefully reviewed the record in this case and have reached the conclusion that attorney's fees should not be allowed.

■■■■ Attorney's fees are rarely granted where neither statute nor contract calls for them. Maier Brewing Co. v. Fleischmann Distilling Corp., 359 F. 2d 156 (9th Cir. 1966), aff'd 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475; Kemp v. Beasley, 352 F.2d 14 (8th Cir.

1965). However, there are two recognized exceptions to this rule relative to attorney fees under which "fee-shifting" is justified. A federal court may award counsel fees to a successful party when his opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons", Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), or it may award attorney fees to the plaintiff where his successful litigation confers "a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the cost proportionately among them", Mills v. Electric Auto-Lite, 396 U.S. 375, 393–394, 90 S.Ct. 616, 626, 24 L.Ed.2d 593 (1970). Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).

The underlying rationale of "fee-shifting" under the first exception is punitive, and the essential element in triggering the award of fees is the existence of bad faith. Under the second exception, the object of the court is to distribute the cost among those who benefit from the action so that they might not be enriched at the plaintiff's expense. Hall v. Cole, supra.

The leading case in the area of attorney fees in school desegregation cases is Bradley v. School Board of the City of Richmond, Virginia, 345 F.2d 310 (4th Cir. 1965), where the court said:

"It is only in the extraordinary case that such an award of attorneys' fees is requisite. . . . Attorneys' fees are appropriate only when it is found that the bringing of the action should have been unnecessary and was compelled by the school board's unreasonable, obdurate obstinacy . . ."

Id. at 321. These principles have been stated in other cases. McLaurin v. The Columbia Municipal Separate School District, et al., 478 F.2d 348 (5th Cir.

1973); Monroe v. Board of Commissioners of the City of Jackson, Tenn., 453 F.2d 259 (6th Cir. 1972); Cooley v. Board of Education of Forrest City School Dist., 453 F.2d 282 (8th Cir. 1972); Williams v. Kimbrough, 415 F.2d 874 (5th Cir. 1969); Kemp v. Beasley, supra; Webb v. Lake Mills Community School District, 344 F.Supp. 791 (N.D.Iowa 1972). In these cases the primary consideration was "bad faith" or "obdurate obstinacy", and attorneys' fees were awarded because of the defendant board's unreasonable behavior.

Recently in Brewer v. School Board of the City of Norfolk, Virginia, 456 F.2d 943 (4th Cir. 1972), the court awarded attorney's fees to the plaintiff-parents who successfully secured the right of free bus transportation for students assigned to public schools far from their homes. Here, "fee-shifting" was justified on the basis that the successful litigation bestowed a substantial benefit upon an ascertainable and numerous class, and by shifting the fee the cost could best be distributed among the class benefited.

In the case *sub judice,* the action for reinstatement was lodged by a single teacher and, though successful, did not benefit an ascertainable class of persons to which the plaintiff belongs. Additionally, though there was no substantial evidence before the Board to support dismissal of the plaintiff, we cannot say, from the record before us, that the actions of the School Board were so unreasonable and obdurately obstinate as to warrant an award of attorney's fees. See Williams v. Kimbrough, 295 F.Supp. 578 (W.D.La.1969), affirmed 415 F.2d 874 (5th Cir. 1969); and compare McLaurin v. Columbia Municipal Separate School District, supra. Accordingly, we find that this case does not fall within the exceptions to the general rule and we deny plaintiff's request for attorney's fees.

It is so ordered.