**Benjamin PUPA, Plaintiff,**

v.

**Ronnie THOMPSON, Mayor of City of Macon, Georgia, et al., Defendants.**

**Civ. A. No. 2947.**

United States District Court,
M. D. Georgia,
Macon Division.

April 26, 1974.

Carl J. Wilson, Jr., Macon, Ga., for plaintiff.

Lawton Miller, Jr., Miller & Miller, Macon, Ga., for defendants.

OWENS, District Judge:

Upon the further hearing of the matter of the denial by the defendants of plaintiff Benjamin Pupa's application to transfer his City of Macon retail liquor license, the court as to the question of whether or not attorney's fees should be awarded to the plaintiff decided and announced that attorney's fees would be allowed on account of the fact that the actions of these defendants were unreason-

ably and obdurately obstinate. Rainey v. Jackson State College, 481 F.2d 347, 350 (5th Cir. 1973); Jinks v. Mays, 464 F.2d 1223, 1228 (5th Cir. 1972); See also, Horton v. Lawrence County Board of Education, 449 F.2d 793, 794 (5th Cir. 1971); Williams v. Kimbrough, 415 F.2d 874 (5th Cir. 1969).

The court invited the parties to agree on the total amount of attorney's fees to be awarded the plaintiff and stated that the court by order would determine which of the defendants were responsible for sharing the plaintiff's attorney's fees.

This lawsuit was instituted by the plaintiff after the City Council of Macon by a vote of eleven to four on October 30, 1973, denied the transfer of his retail liquor license. Aldermen Tidwell, Ivey, Carter and Taylor voted for the transfer and the remaining aldermen voted against it. Pursuant to the order of this court a pre-trial conference with the lawyers for the plaintiff and the defendants was held in chambers on March 28, 1974. Subsequently, the defendants' attorneys publicly advised mayor and council of the court's suggestion that mayor and council at such time as the transfer of the plaintiff's license is considered, take into consideration the recent case of Block v. Thompson, 472 F.2d 587 (5th Cir. 1973), that Mr. Pupa's case appears to be like the *Block* case and that it appears that Mr. Pupa's prayer for other relief in his complaint might include damages and attorney's fees.

On Tuesday, April 16, 1974, the City Council of Macon again considered the transfer of the plaintiff's retail liquor license. Alderman Dohn was absent; the remaining defendants by a vote of nine to five approved the transfer of the plaintiff's license. The five aldermen who voted against the transfer were Hollis, DeFore, Stringfellow, Whitely and Pyles. During that meeting Mayor Thompson stated publicly that he would veto [1] the action of council. Alderman Dohn stated through the press that had he been present he would have also voted against the transfer. The court set the matter down for hearing the following Thursday; Mayor Thompson was present along with defendants' attorneys. Mayor Thompson testified and did not indicate to the court that he would act contrary to his announced intentions to veto the issuance of the license. Ten votes of the city council are required to override the veto of the Mayor.[2] Not the first alderman who voted against the transfer of this license including Mr. Dohn who had already publicly announced his stand, advised the court that he would change his position. It thus appeared to the court the die was already cast again against Mr. Pupa and for that reason the court proceeded to cause the defendants to issue the transfer license.

1. The Charter of the City of Macon provides:

"Sec. 28. Passage of ordinances; mayor's veto power.

"Every ordinance and resolution of the council and every action of that body dealing with public revenue or expenditures shall, before it takes effect, be presented, certified by the clerk, to the mayor within two days after the passage thereof, or after such action. If the mayor approves it, he shall sign it; if not, he shall return it with his objections, and file the same with the clerk within five days, Sundays excepted, after he receives it, and the council shall at the first regular meeting thereafter, when a quorum is present, order the objections to be entered at large on the minutes, and shall at said meeting take a vote on the question: 'Shall the ordinance or resolution or motion pass notwithstanding the objections of the mayor?' If as many as two-thirds [as council is presently constituted this amounts to ten of the fifteen council members] of the entire council shall vote in the affirmative, such ordinance or resolution or motion shall stand and become effective; otherwise, not."

2. See footnote 1, *supra*.

In the court's best judgment the responsibility for the initial filing of this lawsuit should be shared by the eleven aldermen who initially voted against the transfer of Mr. Pupa's license, in the face of their knowledge that the only reason they were denying the transfer was the objections voiced by citizens in the area to which the license was to be transferred. The court attributes one-half of Mr. Pupa's problem to this initial vote.

The further denial of the transfer of Mr. Pupa's license must be attributed jointly to the defendant Mayor Thompson and the six aldermen who again opposed the transfer of the Pupa license, each obviously knowing that collectively six aldermen and the mayor under the already quoted provisions of the charter of the City of Macon through the veto process could further block the transfer of this license. Accordingly, the other one-half of Mr. Pupa's attorney's fees is the responsibility of these seven defendants.

It is therefore the opinion of this court that the attorney's fees of the plaintiff Benjamin Pupa are to be paid one-half by the following defendants: Defendants Aldermen Smith, Hollis, Pyles, Llorens, Lawrence, Bond, Stafford, Stringfellow, DeFore, Whitely and Dohn, jointly and severally, and the other one-half by the following defendants Aldermen Hollis, DeFore, Stringfellow, Whitely, Pyles, Dohn and defendant Mayor Thompson, jointly and severally.

Plaintiff's counsel has been more than reasonable in agreeing with defendants' attorneys on the amount of attorney's fees to be charged. That total amount is $500.00.

The defendants shall make payment of the aforesaid amounts to plaintiff's attorney Carl J. Wilson, Jr. within one week after this date, and through their attorneys shall advise the court in writing of the payment of these fees.