**Samuel V. SMITH and Kwickie Food Store, Inc.**

**v.**

**Ronnie THOMPSON, Mayor of the City of Macon, Georgia, et al.**

**Civ. A. No. 74-58-Mac.**

United States District Court,
M. D. Georgia,
Macon Division.

May 17, 1974.

L. Zack Dozier, Jr., Evans, Dozier & Mann, Macon, Ga., for plaintiffs.

Lawton Miller, City Atty., Miller & Miller, Macon, Ga., for defendants.

OWENS, District Judge:

The facts as stipulated by the parties show that plaintiff Samuel V. Smith's application for a City of Macon retail beer and wine, packaged to go, license was denied by a 7–6 aldermanic vote at the March 19, 1974, meeting of Mayor and Council. The minutes of that meeting show:

> "*Alcohol Control*
>
> 1 . . . Jean G. Minor, 3101 Columbus Road, liquor and wine, retail, packaged to go. (This is a request for transfer of license presently held by Ernest W. Shepherd) APPROVED.
>
> 2 . . . Samuel V. Smith, 4154 Bloomfield Drive, beer and wine, retail, packaged to go.

"Alderman Tidwell moved, seconded by Alderman Llorens, that application be approved as recommended by majority of Alcohol Control Committee. The Reverend James Tisdale addressed Mayor and Council opposing the issuance of a beer and/or wine license at this location. Discussion both pro and con followed; Mayor Thompson stated that if the licenses were approved by Council he would veto same. A roll call vote resulted in the following aldermen voting in the affirmative: Tidwell, Ivey, Llorens, Stafford, Carter and Taylor. Voting in the negative were Aldermen Dohn, Pyles, Whitley, Stringfellow, Hollis, DeFore and Lawrence. The applications were disapproved by a vote of 7 to 6. DISAPPROVED."

The stipulated facts further show that plaintiff Smith's application met all of the written requirements of the City of Macon ordinance pertaining to the issuance of such licenses.

It is thus apparent that the denial of Mr. Smith's application was caused by the objections of citizens voiced by Reverend Tisdale and by the Mayor's announced intention to veto the issuance of a license to him.

■ As this court has already stated in Pupa v. Thompson et al., D.C., 377 F. Supp. 453, due process and equal protection safeguards apply to proceedings granting, revoking or transferring licenses for the sale of alcoholic beverages. Block v. Thompson, 472 F.2d 587 (5th Cir. 1973); Barnes v. Merritt, 428 F.2d 284 (5th Cir. 1970); Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 426 F.2d 142 (5th Cir. 1970); Turner v. Thompson, 421 F.2d 771 (5th Cir. 1970); Parks v. Allen, 409 F.2d 210 (5th Cir. 1969); Barnes v. Merritt, 376 F.2d 8 (5th Cir. 1967); Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964).

■ A municipality may, indeed must, enact an ordinance setting objective standards for the issuance of such licenses as the defendants have done in this case. Hornsby v. Allen, supra.

Thereafter all who comply with that ordinance are equally entitled to the issuance of a license. These defendants whose actions resulted in most of the cases cited, knew this from their own court experiences. Because of this, this court on April 25th ordered the defendants to issue Mr. Smith a license forthwith. It was issued and this confirms the reason for it having been so ordered.

■ From at least Barnes v. Merritt, *supra*, a 1970 case, to the present time the defendants and their predecessors in office have continuously for reasons not set forth in various city ordinances, refused to issue licenses to citizens who then met all of the requirements established by the defendants and their predecessors. As in this case the usual reason is the personal opinions and feelings of citizens, the Mayor and various Aldermen. This pattern and practice have continued in spite of all of the aforesaid cases and the advice of their own attorney that licenses can not legally be so denied. This continuing pattern and practice is the basis for this court's finding that in this case the defendants in denying a license that they knew Mr. Smith was legally entitled to, were unreasonably and obdurately obstinate and are therefore to pay the attorneys' fees of the plaintiff Mr. Smith. Rainey v. Jackson State College, 481 F.2d 347, 350 (5th Cir. 1973); Jinks v. Mays, 464 F.2d 1223, 1228 (5th Cir. 1972); See also, Horton v. Lawrence County Board of Education, 449 F.2d 793, 794 (5th Cir. 1971); Williams v. Kimbrough, 415 F.2d 874 (5th Cir. 1969).

The responsibility for Mr. Smith being compelled to file this lawsuit to secure what was his known legal right, belongs jointly to the defendant Mayor Thompson and the defendant Aldermen Dohn, Pyles, Whitley, Stringfellow, Hollis, DeFore and Lawrence who collectively caused the denial of Mr. Smith's license.

As in Pupa v. Thompson et al., the parties accepted the court's invitation and agreed upon the amount to be paid Mr. Smith as reasonable attorney's fees.

That amount is $500.00. In the court's judgment it is more than reasonable.

Accordingly the defendants Mayor Thompson, and Aldermen Dohn, Pyles, Whitley, Stringfellow, Hollis, DeFore and Lawrence shall each pay one-eighth of said $500.00, and collectively shall make such payment to Mr. Smith's attorney, L. Zack Dozier, Esquire.