Roy Lee DAVIDSON,
Plaintiff-Appellant,

v.

CITY OF CLINTON, MISSISSIPPI, et al., Defendants-Appellees.

No. 87–4217
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1987.

---

Firnist J. Alexander, Jr., Jackson, Miss., for plaintiff-appellant.

James A. Becker, Leslie A. Kelley, Jerry L. Mills, Watkins & Eager, Pyle, Harris, Dreher, Mills & Woods, Jackson, Miss., for defendants-appellees.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Roy Lee Davidson appeals an adverse summary judgment rejecting his 42 U.S.C. § 1983 complaint. Except for any suggestion that a holder of a current liquor license enjoys no protectable property interest, we AFFIRM on the basis of the analysis of the district court, in its Memorandum opinion and Order of February 18, 1987, a copy of which is appended hereto.

## APPENDIX

United States District Court Southern District of Mississippi Jackson Division

Civil Action No. J84–0731(W).

Roy Lee Davidson, Plaintiff,

vs.

City of Clinton, Mississippi, et al., Defendants.

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on motion of the defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Inasmuch as the parties concede that there is no genuine issue of material fact, the involved issue is ripe for resolution.

### FINDINGS OF FACT

Plaintiff Roy Lee Davidson, an adult resident citizen of Hinds County, Mississippi, brings this action against the City of Clinton, Mississippi; its Mayor; and Board of Aldermen. The City of Clinton is a municipal corporation organized and existing under the laws of the State of Mississippi. Jurisdiction is based on 28 U.S.C. sections 1337, 1343, and 2201 and 42 U.S.C. sections 1983 and 1988. Plaintiff seeks money damages, as well as declaratory, injunctive, and equitable relief from defendants on account of claimed unconstitutional encroachments. Specifically, plaintiff contends that defendants' extension of a liquor ordinance, which regulates the sale of beer, wine, and alcoholic beverages in the vicinity of a public school, to a newly annexed area containing his nightclub deprived him of property rights and was an unreasonable exercise of defendants' police power.

Plaintiff owns and operates a nightclub wherein beer was sold on the premises.

This nightclub, now within the corporate limits of the City of Clinton, was only recently brought into the city's boundaries. In February, 1982, the governing authorities of the city enacted an ordinance which expanded the boundaries of the city, encompassing plaintiff's nightclub. The annexation ordinance was duly ratified and approved by the Chancery Court of the First Judicial District of Hinds County, Mississippi. The Mississippi Supreme Court affirmed the propriety of the annexation on May 9, 1984, and reported same in *In the Matter of the Extension of the Boundaries of the City of Clinton: Muirhead v. City of Clinton*, 450 So.2d 85 (Miss.1984).

Plaintiff's nightclub is situated within 475 feet of a public school. Even though the City of Clinton had an ordinance which prohibited the sale of beer within 3,000 feet of a church or public school, plaintiff's nightclub had sold beer uninterrupted from 1969 through 1984 since plaintiff's nightclub was outside the city limits. However, once within the annexed area, plaintiff's nightclub was prohibited from selling beer.

The ordinance involved was adopted by the governing authorities of the City of Clinton, Mississippi, in July, 1960. Appearing in Chapter VI, Section 6–1 of the Municipal Code, the ordinance prohibited the sale of beer or wine or any drink containing alcohol within a radius of 3,000 feet of a church, college, or public school. In February, 1985, the ordinance was amended to prohibit the sale of those beverages within a radius of 500 feet of a church or school. Located 475 feet of a public school, plaintiff's establishment was not assisted by the amendment.

Aggrieved over the effect of the ordinance upon his privilege to sell beer at his nightclub, plaintiff has instituted this lawsuit. Plaintiff does not protest the legitimacy of the annexation. Nor does plaintiff dispute the power of the City to embrace the newly-annexed area within its juridical grasp. Moreover, the plaintiff does not challenge the legality of the defendants' right to adopt ordinances prohibiting the sale of beer, or regulating such sales within a specified radius of a school. The plaintiff simply argues that pursuant to the doctrine of non-conforming use he should be entitled to uninterrupted enjoyment of his property, which includes the sale of beer, because this use of his property existed prior to the passage of the ordinance and now has become a vested right. Plaintiff claims economic harm and deprivation of property contrary to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Defendants answer by claiming that their actions are authorized by the police power.

## STATEMENT OF THE LAW

Once an area is annexed, in the absence of special provisions to the contrary, all ordinances and contracts of a general character are simultaneously extended over and become operative in the added territory so that such territory becomes entitled to the same privileges and subject to the same burdens as that within the original limits. 56 Am Jur 2d, Municipal Corporations, § 56; *see, Bridges v. City of Biloxi*, 253 Miss. 812, 178 So.2d 683 (1965). Stated otherwise, a municipal ordinance designed for the city at large operates throughout its boundaries whatever their change. *Louder v. Texas Liquor Control Board*, 214 S.W.2d 336 (Tex.Civ.App.1948). *Also see, Tri-County Electric Association, Inc. v. City of Gillette*, 584 P.2d 995 (Wyo. 1978).

Moreover, any territory which was zoned under the authority of one zoning authority retains that zoning when it becomes subject to the jurisdiction of the new zoning authority, subject to change by the new authority. *City of Jackson v. Holliday*, 246 Miss. 412, 149 So.2d 525 (1963); *Highland Village Land Co. v. City of Jackson*, 243 Miss. 34, 137 So.2d 549 (1962). This is so because the jurisdiction of the new zoning authority attaches and that of the former zoning authority ceases when the territory is annexed.

The ordinance here involved is one regulating the sale of beer, wine, and alcoholic beverages. Such an ordinance may be

promulgated under the municipal police power or by virtue of specific power to regulate the sale of intoxicating liquors. *Herbert v. Board of Supervisors of Carroll County*, 241 Miss. 223, 130 So.2d 250 (1961). •

The police power confers upon the states and local governmental units broad regulatory authority over public health, welfare, and morals. *Harper v. Lindsay*, 616 F.2d 849 (5th Cir.1980). Pursuant to the police power, the discretionary right of the states to regulate liquor sales, a dimension of the police power, is extensive. *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), reh. den. 410 U.S. 948, 93 S.Ct. 1351, 35 L.Ed.2d 615 (1973); *Sandbach v. City of Valdosta*, 526 F.2d 1259 (5th Cir.1976); *Block v. Thompson*, 472 F.2d 587 (5th Cir.1973).

The Twenty-first Amendment to the United States Constitution augments the broad powers of the states to regulate liquor distribution within their boundaries. *United States v. Frankfurt Distilleries*, 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 951 (1945). As observed by the Court in *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 100 S.Ct. 937, 63 L.Ed.2d 233 (1980), "[t]he Twenty-first Amendment grants the States virtually complete control over whether to permit importation or sale of liquor and how to structure the liquor distribution system." 100 S.Ct. at 946.

Commensurate with the heightened powers of the states to regulate the sale and distribution of intoxicating liquor, the state legislatures are empowered to delegate to local authorities control over distribution of intoxicating liquor. *Rohrbacher v. Mayor and Aldermen of the City of Jackson*, 51 Miss. 735 (1875); *Ford v. Easterling*, 183 Miss. 575, 184 So. 153 (Miss.1938); *Miller v. Board of Supervisors of Forest County*, 230 Miss. 849, 94 So.2d 604 (1957).

The Mississippi Legislature has granted the municipalities of this state the power to regulate the sale of alcoholic beverages with the passage of Miss.Code Ann. § 67–3–65 (1972) which provides:

Municipalities may enforce such proper rules and regulations for fixing zones and territories, prescribing hours of opening and of closing, and for such other measures as will promote public health, morals, and safety, as they may by ordinance provide. The board of supervisors of any county may make such rules and regulations as to territory outside of municipalities as are herein provided for municipalities.

Nothing in this chapter shall prohibit the governing body of any municipality from designating what territory surrounding churches and schools in said municipalities, and the board of supervisors of any county from designating what territory surrounding churches and schools outside of any municipality, in which light wines and beer shall not be sold or consumed.

Pursuant to this broad grant of power over the sale of beer and alcoholic drinks, a municipality may regulate the sale of alcoholic beverages within a specified distance from a school or church. *Ford v. Easterling, supra; Fanning v. Town of Hickory*, 201 Miss. 620, 30 So.2d 65 (1947). In *Larkin v. Grendel's Den, Inc.*, 459 U.S. 116, 103 S.Ct. 505, 74 L.Ed.2d 297 (1982), the United States Supreme Court agreed:

Plainly schools and churches have a valid interest in being insulated from certain kinds of commercial establishments, including those dispensing liquor. Zoning laws have long been employed to this end, and there can be little doubt about the power of a state to regulate the environment in the vicinity of schools, churches, hospitals, and the like by exercise of reasonable zoning laws.

103 S.Ct. at 509.

Upon assessing the reasonableness of zoning ordinances regulating intoxicating liquor, courts need recognize that judicial deference is the watchword, and such ordinances are not reviewable, absent a showing of arbitrariness or irrationality. *Trustees of Mortg. Trust of America v. Holland*, 554 F.2d 237, 238 (5th Cir.1977). The Court in *Larkin v. Grendel's Den, Inc., supra,* elaborated:

The zoning function is traditionally a governmental task requiring the "balancing [of] numerous competing considerations," and courts should properly "refrain from reviewing the merits of [such] decisions, absent a showing of arbitrariness or irrationality." (Citations omitted). Given the broad powers of states under the Twenty-first Amendment, judicial deference to the legislative exercise of zoning powers by a city council or other legislative zoning body is especially appropriate in the area of liquor regulation.

103 S.Ct. at 509.

Accordingly, only a minimal showing of rationality is necessary to enable a liquor zoning ordinance to withstand constitutional attack. *Trustees of Mortg. Trust of America v. Holland, supra*, at 238.

Further, it is clear that while a landowner has certain rights in the use of his property, that use must yield in the face of zoning regulations, where such regulations are reasonable and not arbitrary. *City of Eastlake v. Forest City Enterprises, Inc.*, 426 U.S. 668, 673, 96 S.Ct. 2358, 2362, fn. 8, 49 L.Ed.2d 132 (1976); *Herbert v. Board of Supervisors of Carroll County, supra.* This conclusion is premised upon the notion that a private right must submit to the common good of the community and the general welfare of all of the citizens. *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978), reh. den. 439 U.S. 883, 99 S.Ct. 226, 58 L.Ed.2d 198 (1978); *Boraas v. Village of Belle Terre*, 476 F.2d 806, 812 (2nd Cir.1973), rev. on other grounds, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974).

The ordinance in question erects a reasonable zone of protection around a center of educational growth and enrichment. As such, the ordinance represents a determination by the governing authorities of the City of Clinton that the sale of beer within the proximity of a public school is injurious and damaging to the public health and morals and increases danger to the safety of children.

Mindful of the special deference to be afforded by the courts to local zoning ordinances, this Court finds that the ordinance involved manifests a rational purpose. Accordingly, this Court is unable to find that the ordinance is unreasonable or arbitrary or that it bears no possible relationship to the state's interest in securing the health, safety, morals, or general welfare of the public.

Plaintiff opines that by his heretofore uninterrupted use of his property to sell beer he has acquired a vested property right to continue. Clearly, one cannot claim a vested property right in a license to sell beer, since a license is but a revocable permit or alienable privilege. *Miller v. Board of Supervisors of Forest County, supra.* In the early case of *Crowley v. Christensen*, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620 (1890), the United States Supreme Court anticipated the issue:

The police power of the state is fully competent to regulate the business, to mitigate its evils, or to suppress it entirely. There is no inherent right in a citizen to thus sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose.

11 S.Ct. at 15.

This Court is equally unimpressed with plaintiff's resort to the doctrine of non-conforming use. This proposition of property law generally allows a property owner the right to the continuation of a non-conforming use of property enjoyed by a property owner before enactment of an ordinance restricting such use. Cf. *Ezell v. City of Pascagoula*, 240 So.2d 700 (Miss.1970). The burden of proving entitlement rests upon the shoulders of the property owner seeking continuation of the non-conforming use. He must show, among other factors, that his use is entitled to the Court's pro-

tection. 82 Am Jur 2d, Zoning and Planning, § 183. Plaintiff cannot make such a showing. This Court has already found that the zoning ordinance is a reasonable and appropriate exercise of governmental authority.

Moreover, if adopted, plaintiff's view of this doctrine of non-conforming use would utterly neutralize the power of municipalities to exert their police power over the operation of previously-functioning concerns. The reach of this limitation would embrace not only the dispute in this case, which concerns an application of the police power to a newly-annexed area, but also would extend to instances where newly-adopted police measures would alter practices of previously-existing businesses, notwithstanding annexation. This Court is not prepared to numb the potency, in this instance, of defendants' exertion of its police power over the sale of beer and alcoholic beverages.

Ample case law proclaims the authority of governing bodies, under the auspices of "the health, safety, morals, or general welfare," to rezone areas prohibiting particular contemplated uses of land involving the sale of beer.

In *Ford v. Easterling, supra,* the appellant was engaging in the sale of beer when the Board of Supervisors passed an ordinance forbidding the sale of beer within the territory of appellant's business because the business was situated within 1500 feet of a church. The Court examined the ordinance, found that it was reasonable, and upheld its enforcement.

In *Fanning v. Town of Hickory, supra,* the Court was faced with a similar problem. The appellant, who operated a restaurant wherein beer was sold, challenged a later enacted municipal zoning ordinance which prohibited the sale of beer and wine within 1,500 feet of any church or school. The Court, after recognizing the purpose of such ordinance, held that "the ordinance did not represent an unreasonable exercise of power and was not an excessive or oppressive use thereof by the Mayor and Board of Aldermen." 30 So.2d at 65.

Similar pronouncements are contained in *Miller v. Board of Supervisors of Forest County, supra; Pace v. State,* 231 Miss. 144, 94 So.2d 798 (1957); and *Herbert v. Board of Supervisors of Carroll County, supra. Also see, Suggs v. Town of Caledonia,* 470 So.2d 1055 (Miss.1985).

This Court then finds that the plaintiff's property, and use thereof, upon annexation, became subject to those ordinances in existence within the City of Clinton. The Court further finds that the complained of zoning ordinance, which prohibited the sale of beer within five hundred (500) feet of a public school, constitutes a valid and reasonable exercise of the City's police power.

In accordance with the foregoing opinion,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' motion for summary judgment is hereby sustained, and the complaint of plaintiff is dismissed with prejudice with all costs assessed against the plaintiff.

IT IS FURTHER ORDERED that judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Rules of the United States District Court for the Northern and Southern Districts of Mississippi.

SO ORDERED AND ADJUDGED, this, the 18th day of February, 1987.

/s/ Henry T. Wingate
UNITED STATES DISTRICT JUDGE