Sharlet Belton COLLINS and Houston Collins, Jr., Plaintiffs,

v.

CITY OF HAZLEHURST, MISSISSIP-PI; E. Randle Kimball, Mayor of the City of Hazlehurst; Ellis Stuart, Jr., Chief of Police of the City of Hazlehurst; Billy Weem and Jim Hill, In Their Individual and Official Capacities; and Mike Moore, Attorney General for the State of Mississippi, Defendants.

No. Civ.A. 300CV513BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 24, 2001.

Carroll Edward Rhodes, Carmen N. Brooks, Carroll E. Rhodes, Attorney, Hazlehurst, MS, Samuel M. Brand, Jr., Sam M. Brand, Attorney, Jackson, MS, for plaintiffs.

Gary E. Friedman, Chelye Prichard Amis, Louwlynn V. Williams, Phelps Dunbar, Leonard McClellan, Peter W. Cleveland, Office of the Attorney General, Jackson, MS, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion to Dismiss of defendant Mike Moore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having considered the motion as well as all authorities and arguments submitted by the parties for and against it, the Court finds that the motion is well taken and should be granted.

### I. Facts and Proceedings

Because the Court has already outlined the facts in this case in its Opinion and Order of December 14, 2000, only the briefest statement will be made here. Essentially, Sharlet Belton Collins and Houston Collins, Jr. ("the Plaintiffs") filed suit on July 17, 2000, against the above-styled defendants ("the Defendants") on numerous counts arising out of the City of Hazlehurst's ongoing effort to stop sales of alcohol to underage drinkers at the club operated by the Plaintiffs. Presently, a suit is underway in state court to have the club permanently shut down as a public nuisance.

■ The December 14, 2001, Opinion and Order denied a Motion to Dismiss filed by all the Defendants except Mike Moore ("Moore"), with the exception of dismissing the 42 U.S.C. § 1983 claim in Count X of the complaint. On March 16, 2001, Mike Moore moved to dismiss Counts VII, VIII, XII, and XIII of the complaint. It is this Motion to Dismiss which is now before the Court.[1]

### II. Analysis

For the purposes of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, all material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). A dismissal with prejudice under Rule 12(b)(6) is appropriate only where it appears to a certainty that the plaintiffs would not be entitled to relief under any set of facts that could be proved. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 509 (5th Cir.1999). However, a complaint may be dismissed if it fails to allege an element of a claim necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995). Moreover, conclusory allegations or legal conclusions, as opposed to factual conclusions, will not prevent the granting by a court of a motion to dismiss. *Id.* (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir.1993)).

#### A. Due Process

Counts VII and VIII of the Plaintiffs' complaint allege due process violations[2]

---

1. The Plaintiffs ask that their complaint with its attached exhibits be considered by the Court, which would convert the present motion to a Rule 56 Motion for Partial Summary Judgment. Fed.R.Civ.P. 12(b). However, district courts have discretion whether to consider extrinsic materials. *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir.1995); *Griffith v.*

*Johnston*, 899 F.2d 1427, 1432 n. 2 (5th Cir. 1990). Nothing in the Plaintiffs' brief indicates how these materials would bear on the issues of law in question, and the Court finds that the issues are decidable as a matter of law without any need to examine the record.

2. As with the nuisance issue, the Plaintiffs have alleged federal violations in one count

arising out of the Mississippi Supreme Court's decision in *Collins v. City of Hazlehurst*, 709 So.2d 408 (Miss.1997), in which the court upheld the conviction of one of the Plaintiffs for violating a city ordinance forbidding beer-permit holders to admit minors to their beer-serving establishments. The Plaintiffs allege that their due process rights were violated by that decision's holding that the city ordinance was valid despite its conflict with state law.

Against this claim, Moore cites *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), in which the United States Supreme Court held that no damages may be sought under § 1983 for a claim arising out of "allegedly unconstitutional conviction or imprisonment" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364. The Plaintiffs respond that they are not contesting the conviction and therefore *Heck* is inapplicable. While *Heck* also prohibits suits *for damages* that rest upon claims "whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful," *id.* at 487 n. 6, 114 S.Ct. 2364, so that the Plaintiffs' response is not well taken, the more apposite response would appear to be that, insofar as the Plaintiffs are not seeking damages but rather a declaratory judgment that the state and city laws on mi-

nors in alcohol-serving establishments are void for vagueness, *Heck* does not apply.[3]

█  What the Plaintiffs contend is that, where state statutes appear to set a broader limit on the admission of minors than do local ordinances, the apparent conflict between state and local law creates uncertainty about which law applies. However, as the Mississippi Supreme Court held in *Collins*, there was no conflict between state and local law. Hazlehurst enacted its ordinance under the auspices of Miss. Code Ann. § 67–3–65, which specifically gave municipalities the power to enact "measures [that] will promote public health, morals, and safety." *Collins*, 709 So.2d at 411. The supreme court cited the United States Court of Appeals for the Fifth Circuit for the proposition that "states and local governmental units [have] broad regulatory authority over public health, welfare, and morals." *Id.* at 412 (quoting *Davidson v. City of Clinton, Miss.*, 826 F.2d 1430, 1433 (5th Cir.1987)).

The notion of the Plaintiffs, that the legality or illegality of their actions was rendered indeterminate by the more specific local ordinance, is urged without any specific legal authority supporting it. Moreover, the Plaintiffs contend that "the Mississippi Supreme Court held that the city ordinance could conflict with the state statute." As we have seen, this misreads *Collins*. Would a state law allowing drivers to go 60 m.p.h., *except* where local statutes set lower speeds, be in conflict with a city ordinance lowering the speed limit to 30 m.p.h. within city limits? Obviously not.

---

and state violations in the next. However, they have not briefed any state law claims, so the Court proceeds on the supposition that the respective analyses are identical.

**3.** This inference does suppose that the Plaintiffs' claims are not "so intertwined" with their claims for damages that *Heck* does in

fact apply. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir .1998) (holding declaratory judgment action precluded by *Heck*). To the extent this were so, *Heck* would certainly apply. The Court's disposition of the matter, however, should render the issue moot.

The Court thus finds that dismissal for failure to state a claim is warranted with regard to Counts VII and VIII of the Plaintiffs' complaint.

## B. § 95–3–1

Count XII of the Plaintiffs' complaint alleges that the Mississippi statute forbidding nuisances, § 95–3–1 *et seq.*, "is vague, ambiguous, and not narrowly tailored and violate [*sic*] rights secured to plaintiff ... by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983." Count XIII makes a similar claim with regard to Article 3, Section 14 of the Mississippi Constitution. Because the Mississippi Supreme Court has addressed void-for-vagueness claims under Article 3, Section 14 by using the same analysis as for claims under federal law, this Court will likewise apply the same analysis to Counts XII and XIII. *See Leuer v. City of Flowood*, 744 So.2d 266 (Miss.1999) (mentioning Mississippi Constitution at start of opinion and then proceeding under federal-law analysis).

Moore cites *Connally v. Gen'l Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926), which held that due process would be violated by a law "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *See Reeves v. McConn*, 631 F.2d 377, 383 (5th Cir.1980) (quoting above language from *Connally*). Another standard recently applied by the Fifth Circuit is that "an enactment is void for vagueness if its prohibitions are not clearly defined." *J & B Ent'mt, Inc. v. City of Jackson*, 152 F.3d 362, 367 (5th Cir.1998) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 109, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). In *J &*

*B*, the Fifth Circuit refused to find any unconstitutional vagueness in a city ordinance that specifically prohibited public display of any "nipple," "genitals," or "anus." *J & B*, 152 F.3d at 367.

■ The Plaintiffs flatly assert that the nuisance statute "is vague and does not give fair notice to the public as to what conduct violates the statute." They do not indicate what is allegedly vague or unclear about the statute. Allegations that amount only to legal conclusions will not defeat a motion to dismiss under 12(b)(6).

"Nuisance" is clearly defined by the statute:

> any place as above defined in or upon which lewdness, assignation or prostitution is conducted, permitted, continued or exists or any other place as above defined in or upon which a controlled substance as defined in section 41–29–105, Mississippi Code of 1972, is unlawfully used, possessed, sold or delivered and the personal property and contents used in conducting or maintaining any such place for any such purpose. One single act of unlawful cohabitation, lewdness or possession, use, sale or delivery of a controlled substance about such property shall not come within the terms hereof.

Miss.Code Ann. § 95–3–1(c). The statute is similarly explicit about "Persons guilty" (§ 95–3–3), "Action to abate and enjoin; who may maintain" (§ 95–3–5), and so forth. Adequate notice is clearly provided by the terms of that statute, which, like the terms in the ordinance found not to be vague in *J & B*, are clearly understandable words which leave no room for misinterpretation.[4]

4. Any misinterpretation by the Plaintiffs may involve their confusion of the nuisance statute with the common-law nuisance doctrine in Mississippi, since the statute does not define "nuisance" to involve the sale of alcohol in any way.

The Court thus finds that dismissal for failure to state a claim in Counts XII and XIII of the complaint is warranted.

### III. Conclusion

For the reasons stated above, the Court finds that the Plaintiffs have failed to state a claim against Mike Moore in his official capacity as state attorney general. Because the counts considered above are the only ones on which it appears that Moore is named as a defendant, his dismissal from the suit is appropriate.

IT IS THEREFORE ORDERED that Defendant Mike Moore's Motion to Dismiss [20–1] should be and hereby is granted. All claims against him in the present action are dismissed with prejudice.

IT IS FURTHER ORDERED that the style of this case shall be amended to omit Mike Moore from the defendants listed therein in all future documents filed with this Court.