Owens *v.* Reese *et al.*

(In Banc.   February 23, 1948.)

[33 So. (2d) 834.   No. 36734.]

**Brown & Elledge,** of Fulton, for appellant.

Greek L. Rice, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This appeal is from a final judgment of the circuit court in Itawamba County, which dismissed the petition of the appellant, Carmi Owens, for a writ of prohibition after a demurrer thereto had been sustained and the petitioner had declined to amend.

The writ of prohibition was sought from the circuit court, as aforesaid, against the appellee, N. L. Reese, sheriff of the county, the district attorney, and the county prosecuting attorney, to prevent any of them from taking any additional step in the said court under a proceeding instituted by the sheriff therein for the condemnation and sale of the petitioner's automobile, which the sheriff had alleged in an affidavit was seized by him while in the possession and under the control of the appellant, and being used by him for the transportation of 23½ pints of whiskey for the purpose of sale in violation of the laws of this State.

The affidavit of the sheriff was filed in the circuit court on April 14, 1947, alleging the seizure of the said automobile on April 12, 1947; and that the same was of the value

of $800. A notice or summons was thereupon served on the appellant, as owner, to appear at the next regular term of the circuit court on the first Monday of September, 1947, to answer the complaint made by the affiant on behalf of the State of Mississippi for the condemnation and sale of the said automobile.

The process against the appellees on the petition of the appellant for the writ of prohibition was likewise made returnable on the first Monday of September, 1947.

The precise contention of the appellant on this appeal is that the trial court erred in sustaining the demurrer to his petition for a writ of prohibition and dismissing the same, since that part of Section 2618, Code of 1942, which authorizes an officer, in the first instance, and without a precedent writ of seizure, to seize and retain an automobile allegedly used in transporting intoxicating liquor in violation of the law, does not contemplate or authorize the owner to make bond and regain possession of the automobile pending litigation and final judgment for the condemnation and sale thereof, and that the failure of the lawmakers to afford such remedy to the owner has the effect of denying to him the right to obtain the possession of his property pending litigation, and amounts to a denial of due process of law.

There was filed as an exhibit to the petition herein the said affidavit of the sheriff which set out in detail the alleged facts and circumstances under which the sheriff had seized the automobile in question. The petition alleged in general terms that the automobile was seized "wrongfully and without authority of law," and that the affidavit had stated "matters and things as facts which are not facts and designedly failed to state the true facts," but the petitioner fails to allege in the pleading what he contends are the real facts as to the circumstances under which the automobile was seized, if such facts were otherwise than alleged in the affidavit.

Section 2618, Code of 1942, authorizes the seizure of an automobile when being used in the transportation of

intoxicating liquor in violation of the law, without the officer having precedently obtained a writ of seizure, and it is true, as contended by the appellant, that in such instance there is no statutory provision which authorizes the owner to regain possession of his automobile pending the outcome of a proceeding for the condemnation and sale thereof, as provided for in Section 2619, Code of 1942. It is merely provided by Section 2618, Code of 1942, that upon such a seizure being made, and the filing of the affidavit by the officer in the proper court, depending upon the value of the automobile, as a commencement of the proceeding to condemn and sell the automobile, the officer or the court shall give notice to or summon the interested parties to answer the complainant in the court where the cause is pending. And, the statute as above mentioned further provides for the issuance of a writ of seizure if the automobile is not in the possession of said officer, and that he may seize the same under such writ and summon "the interested parties into court, as in proceedings for the enforcement of purchase price liens against property."

It was held in Vance v. State, 130 Miss. 251, 93 So. 881, that a proceeding for the enforcement of a lien for purchase money, under our statute in that behalf, now Section 341, Code 1942, which in terms directs the issuance of a writ of summons and seizure, and commands the officer to seize the property and deal with it as in the attachment for debt, the defendant may replevy the property thus seized, and in such case he would be entitled to forthwith make bond for its possession by alleging that the same has been unlawfully taken from him within the thirty days immediately prior to the making of an affidavit in replevin. See also Section 349, Code 1942.

In the instant case, the appellant filed a motion contemporaneously with the filing of his petition for the writ of prohibition, on May 21, 1947, for a temporary order in vacation, directing the appellee, N. L. Reese, as sheriff, to deliver said automobile to the petitioner under

such terms and conditions as the court might direct. This motion was heard before the circuit judge in vacation on June 4, 1947, and was overruled. A similar motion was again filed on September 1, 1947, at the beginning of the regular term of the court, and was likewise overruled. However, no claim is made here by the appellant that the trial court was in error in overruling either of these motions. On the contrary, he contends that when a sheriff or other officer seizes an automobile under the statute in question without precedently obtaining a writ of seizure, there is no authority for allowing the owner to make bond and obtain possession of the property pending litigation; and that the statute which permits the sheriff or other officer to determine for himself whether he will seize an automobile in the first instance and deny the owner the right to make bond for the possession thereof, or whether he will first obtain a writ of seizure therefor and allow the owner to make such a bond, as in a proceeding to enforce a purchase money lien, constitutes the officer a judicial or quasijudicial tribunal against whom a writ of prohibition may be granted within the meaning of the decision in the case of Glover v. City Council of Columbus, 132 Miss. 776, 96 So. 521, and other cases, if no other adequate remedy is available.

However, in the instant case, the writ of prohibition is sought not for the purpose of preventing the sheriff from seizing the automobile in the first instance, without obtaining in advance a writ of seizure, but it is sought to prevent him, and the other appellees, from taking any further steps in a case pending in the circuit court for the condemnation and sale of the said automobile. The writ here, the issuance of which is sought from the circuit court, would have the effect of preventing that court from proceeding with the disposition of the case, and also preventing the officers thereof from performing their official duties in the matter of presenting the case to such court for determination, after the court has acquired full jurisdiction of both the parties and the subject mat-

ter in the premises. Moreover, the sheriff, the district attorney, and the county prosecuting attorney, are required by law, as expressly alleged in the petition, to appear in cases where the county is interested. Section 2619, Code of 1942, provides that if the automobile should be condemned and ordered sold, the proceeds of such sale, after the payment of the costs, would be turned into the county treasury.

Moreover, when this petition came on to be heard at the regular term of the circuit court to which the same was returnable in September 1947, the petitioner had a full, adequate, and complete remedy afforded him of answering the affidavit of the sheriff, a copy of which he had made an exhibit to his petition, as to the unlawful use of the automobile at the time the same was seized; and for aught that appears from the petition he could have then and there obtained a full hearing on the merits so as to recover possession of the automobile, if entitled to such relief.

Finally, it should be observed that in the case of Holmes et al. v. Board of Supervisors, 199 Miss. 363, 24 So. (2d) 867, it was held that: ''The writ of prohibition is extraordinary and remedial and may issue only from a court of original jurisdiction and lies only to control an inferior court or tribunal in the attempted exercise of judicial powers in excess of its jurisdiction.'' And, it does not appear that either the circuit court, or its officers who are the appellees herein, would be exercising judicial powers in excess of their jurisdiction by the presentation of the condemnation proceedings to the circuit court, and the determination of said cause by the court on its merits.

It is unnecessary that we pass upon the constitutional question raised in the instant case as to the right of the sheriff to seize an automobile under the circumstances alleged in his affidavit, and retain the same without having first obtained a writ of seizure therefor, and so as to deny to the owner the right to regain the possession

of his property pending the litigation, since we do not think that the petition before us states a proper case for the issuance of a writ of prohibition, because the circuit court has original jurisdiction to proceed with the hearing of the condemnation proceeding under the facts and circumstances hereinbefore set forth. The period of five months complained of during which the appellant had been denied an opportunity to regain possession of his automobile had passed when the circuit court term convened, to which his petition was returnable, and it was not shown by an amendment to the petition, or otherwise, that he could not have then regained possession by answering the affidavit in the condemnation proceeding and showing that he was entitled to have the automobile restored to him.

We are of the opinion, therefore, that the judgment of the trial court in sustaining the demurrer and dismissing the petition for the writ of prohibition was correct under the circumstances, and that its action in that behalf should be affirmed.

Affirmed.