285 So.2d 462 (1973)
The STATE of Mississippi ex rel. James H. Herring, District Attorney
v.
Robert COX, County Superintendent of Education of Madison County, Mississippi.
Misc. No. 410.
Supreme Court of Mississippi.
November 19, 1973.
James H. Herring, Canton, for appellant.
Case & Montgomery, Canton, for appellee.
SMITH, Justice:

ON PETITION FOR WRIT OF MANDAMUS
This Court has before it an original suit filed by the District Attorney, on behalf of the Board of Supervisors of Madison County against the Superintendent of Education of that county, praying that this Court issue a writ of mandamus to compel him to execute a certain lease of sixteenth section lands as ordered by the Board of Supervisors.
It appears from the petition and exhibits that the Board of Supervisors of Madison County, after an appraisal, by order spread upon its minutes, awarded the lease of certain sixteenth section lands and directed that the Superintendent of Education execute the lease. The Superintendent of Education declined to do so and sought to appeal from the order of the Board of Supervisors to the Circuit Court of Madison County as provided by Mississippi Code 1942 Annotated section 6597-04(1952).
This appeal by the Superintendent of Education was dismissed by the circuit court as not having been taken within the time allowed by law. From the circuit court's order of dismissal the Superintendent of Education has appealed to this Court and that appeal is now pending.
The prospective lessees, to whom the Board had awarded the lease, having tendered the consideration, filed suit in the Circuit Court of Madison County against the Superintendent of Education under the provisions of Mississippi Code 1942 Annotated *463 section 1109 et seq., (1956), praying the issuance by that court of the writ of mandamus to compel him to execute the lease. That suit has not been tried and is now pending in the Circuit Court of Madison County.
The original suit for mandamus filed in this Court by the Board of Supervisors, acting through the District Attorney, against the Superintendent of Education was filed after all of the above actions. In this suit, no process was requested, issued or served, but a copy of the petition was served upon the Superintendent of Education with notice of the time and place at which it was proposed to present it to a justice of this Court.
The circuit court suit for mandamus, filed by the prospective lessees, against the Superintendent of Education, was ordered by that court held in abeyance pending the determination by this Court of that official's pending appeal.
It appears from the averments of the petition in the case filed in this Court that these cases involve a matter of substantial public interest and that the objective sought by petitioners in filing the petition for mandamus here was the expedition of the final determination of the issues, without awaiting the outcome of the pending appeal. However, there has been no motion to advance the appeal on the docket of this Court.
The result of all of this is that there are now pending two suits for mandamus against the Superintendent of Education, each of which seeks the writ to compel him to execute the lease.
Section 1110, supra, specifically provides that suits for mandamus shall be filed in the circuit court. One exception to the jurisdiction of the circuit court is mentioned in Boydstun v. Perry, 249 So.2d 661 (Miss. 1971). The facts and circumstances of the present case do not bring it within the rule set out in Boydstun v. Perry. The circuit court obtained jurisdiction of the suit for mandamus filed by the prospective lessees and that case was pending at the time suit was begun in this Court, and is now pending.
It must be noted that the circuit court judge was not made a party to the case filed in this Court, although it is apparent from the averments of the petition that any delay which results in the disposition of the suit for mandamus pending in that court will be due to the order directing that it be held in abeyance pending determination of the appeal to this Court by the Superintendent of Education.
Obviously, the writ cannot be issued against a judge or anyone else who is not a party to the proceedings. Section 1111 provides that in a suit for mandamus the defendant is entitled to be served with a summons and it is further provided that the case shall be tried as other cases are tried.
We find, therefore, that there are now two suits pending against the Superintendent of Education for mandamus, in connection with the proposed lease, one in the circuit court and the other, and more recent, in this Court.
The petition filed in this Court as an original suit must be dismissed, without prejudice, because (1) the appeal by the Superintendent of Education from the order of the Board of Supervisors, now pending in this Court, cannot be cut off in this manner and (2) statutory jurisdiction of a suit for mandamus against an official such as the Superintendent of Education is vested in the circuit court. The jurisdiction of that court in such a case cannot be circumvented by the filing of an independent and original case here. Nor can the circuit judge be commanded, by writ of mandamus, in the suit with which we are now dealing, to expedite the hearing and determination of the case pending before him since he was not made a party and is not a party to the present proceedings.
*464 This Court, on its own motion, will advance the hearing of the pending appeal by the Superintendent of Education as a matter of public concern and one involving the public interest. However, the original suit filed in this Court by the District Attorney on behalf of the Board of Supervisors against the Superintendent of Education must be dismissed, without prejudice.
The circuit court case, obviously a matter of public concern and one involving substantial public interests, should, of course, be heard and determined with all reasonable expedition. Section 1118 anticipates that there will be a speedy trial and provides a method of expediting the disposition of cases of this kind. In view of all of the circumstances it cannot be doubted that an appropriate motion addressed to the circuit court requesting a vacation hearing at the earliest convenient time would receive careful and judicious consideration by the circuit court judge.
Case dismissed without prejudice.
All Justices concur.

ADDENDUM
There has now been brought to our attention a waiver of process by the Madison County Circuit Court Judge, filed on November 14, 1973, almost a week after November 9, 1973, the date on which the case was set for hearing and heard. This does not change the conclusions reached in the case which was actually presented and heard.
The objective sought by filing the petition in this Court was obviation of the delay occasioned by the circuit court judge's action in holding in abeyance the mandamus case pending in that court. The relief sought by petitioners necessarily will follow if the circuit court judge will now hear the case pending in that court with "all reasonable expedition" as a matter of public interest and concern and in keeping with the views expressed in our opinion.