ON PETITION FOR REHEARING En Banc.
BROOM, Justice,
for the Court:
Mandamus to compel the enrollment of a Workmen’s Compensation Commission order (judgment) in favor of Charles Dane Leathers (claimant) highlights this case, wherein one of the Justices of this Court ordered Mrs. Fay Estes, the Circuit Clerk of Lee County, to enroll the Workmen’s Compensation Commission order. On appeal here argument is made that the order of this Court requiring the circuit clerk to do an act: enroll the Workmen’s Compensation Commission order, must be vacated because this Court’s order was issued without process or summons upon the circuit clerk. We deal solely with that narrow issue and do not touch upon other aspects of the case mentioned in the briefs and reflected by the papers filed here.
History of the case shows that workmen’s compensation benefits were awarded claimant Leathers on July 18, 1979, which award the Circuit Court of Lee County affirmed. Then the matter was appealed to the Supreme Court of Mississippi and we affirmed on May 28, 1980, without any written opinion. The cause was remanded for computation or calculation of benefits. Calculations were made in due course, as reflected by order of the Workmen’s Compensation Commission dated December 11, 1980, which order precisely adjudicated and stated the amounts and benefits then due claimant Leathers. Leathers sought to enroll the Workmen’s Compensation Commission order (judgment) on the Circuit Clerk’s judgment roll in Lee County, but the Circuit Clerk refused to enroll the judgment. Refusal of the clerk was based upon a letter from the carrier’s attorney that the calculation of benefits as ordered was not an en-rollable judgment — that from the calculation of benefits an appeal had been taken. Whereupon, the claimant, by petition in the Circuit Court of Lee County, unsuccessfully sought to have that court mandamus the circuit clerk to enroll the Workmen’s Compensation Commission order. After the circuit judge denied the mandamus, claimant *1391 Leathers filed a mandamus proceeding in the Supreme Court of Mississippi but did not obtain process upon the Circuit Clerk of Lee County. Nevertheless, this Court, without any such process, entered an order dated March 18, 1982, which order directed the circuit clerk to enroll the judgment.
State ex rel. Hewing v. Cox, 285 So.2d 462 (Miss.1973), dealt with the issue of process in a mandamus proceeding wherein we stated:
Obviously, the writ cannot be issued against a judge or anyone else who is not a party to the proceedings. Section 1111 [now § 11-41 — 5] provides that in a suit for mandamus the defendant is entitled to be served with a summons and it is further provided that the case shall be tried as other cases are tried.
Id. at 463.
Accordingly, the mandamus order of this Court requiring the Circuit Clerk of Lee County to enroll the order, without any process upon her, cannot be upheld. Applying the rationale of Herring, supra, we must enter an order here vacating the prior order of a Justice of this Court directing the circuit clerk to enroll the Workmen’s Compensation Commission order (judgment). True enough, the circuit judge, by his answer to the petition, entered his appearance here. Nevertheless his doing so did not authorize this Court to order the circuit clerk, an elective public official serving at the suffrage of the electorate, to perform an affirmative act when the clerk had no legal process served upon her. No authority is cited, and we know of none, to the effect that a circuit j udge can enter his own appearance and the appearance of an elective clerk so as to bind the clerk. In this connection, we note that Mississippi Code Annotated § 9-1-19 (1972) authorizing a member of the Supreme Court to order the issuance of remedial writs (including mandamus) concludes with the language “all such process or writs may be granted. . . . ” We think process is necessary unless specifically and properly waived by any real party to the litigation. The circuit clerk was such a party but in no manner is shown to have waived process. It follows that the prior order of a Justice of this Court which granted mandamus against the circuit clerk is vacated and withdrawn, and the petition for mandamus is denied.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.
BOWLING, J, dissents.