ROY NOBLE LEE, Justice,
dissenting:
I dissent from the majority opinion.
This matter is before the Mississippi Supreme Court for the third time. It originated when claimant Leathers, by his attorney, Honorable William S. Lawson, filed a petition for writ of mandamus in the Circuit Court of Lee County against the circuit clerk to compel the enrollment of a judgment of the Mississippi Workmen’s Compensation Commission awarding compensation benefits. The Circuit Judge, Honorable Thomas J. Gardner, III, declined to issue the writ and, on the hearing, stated that previously he orally had instructed the clerk not to enroll the judgment. Thereupon, Leathers filed a petition for writ of mandamus in this Court for a writ directing the clerk to enroll the judgment and to prohibit the judge from interfering with the entry of same. A justice of this Court ordered issuance of the writ, as prayed for.
The respondents, Thomas J. Gardner, III, Tupelo Coffee Company [Tupelo], employer, and Aetna Casualty and Surety Company [Aetna], carrier, the latter two parties being intervenors, filed a petition for rehearing. The petition was heard by the full Court and the order was vacated on May 12, 1982. The Court stated in the opinion that it was addressing only the narrow issue as to whether or not the Mississippi Supreme Court order should be vacated because no process or summons was issued for the circuit clerk. The opinion specifically set forth that no other aspect of the case was considered.[1]
On May 17, 1982, Leathers filed a second petition for writ of mandamus before this Court. That cause was briefed by the parties, which included the litigants, the presiding circuit judge, and the circuit clerk, and was decided here by a unanimous Court on June 28, 1982. The opinion was handed down July 28, 1982, with two (2) justices shown as not participating,[2] directing issuance of the writ of mandamus, commanding the Circuit Clerk of Lee County, Mississippi, to enroll the Mississippi Workmen’s Compensation Commission order dated December 11,1980, in the judgment roll of Lee County.
Petition for rehearing was filed by the respondents/defendants and brief was called for from the claimant. Again the matter was considered by the full Court, including the two justices who declined to participate in the original decision. The petition for rehearing was sustained.
The majority opinion apologizes for the original decision on the question here, and compliments and exculpates the respondents (petitioners on rehearing) on their participation in the matter. I disagree and emphasize that neither apology nor compliment is due from this Court to any participant in the cause.
The question sub judiee was initiated in this Court and presented on May 17, 1982, by an instrument entitled “Petition for Writ of Mandamus to Compel the Circuit Judge to Order the Circuit Court Clerk to Enroll Judgment.” The circuit judge and circuit clerk filed answers. Tupelo Coffee Company and Aetna Casualty and Surety Company, employer/carrier, intervened and filed briefs.
The only exhibits to that petition were (1) full Commission order dated December 11, 1980; (2) letter from attorney and employer/carrier dated May 14, 1981; (8) final order of the circuit court dated January 27, 1972; and (4) mandate of the Mississippi Supreme Court in Cause No. 51,878, affirming the orders of the Mississippi Workmen’s Compensation Commission and Circuit Court of Lee County, granting compensation and medical benefits to Leathers. The respondents and intervenors filed answers but no part of the. record in Cause No. 51,898, except as abovementioned, was exhibited. None of the parties filed as a part of their pleadings any record on the facts or the issues. A copy of the full Commission order dated July 18, 1979, the basis of our *1345 affirmance in Cause No. 51,898 was not made a part of the record. Actually, the issues presented were (1) authority of this Court to issue a writ of mandamus for enrollment, and (2) res adjudicata.
Appellate courts decide questions and issues on the record before them. They are not required to search into records of other cases and should not decide one case on the record made in a different case.
Although no party made the July 18, 1979, Commission order a part of the record in this Mise. No. 1317 cause, since the case arises from' Aetna Casualty & Surety Company and Tupelo Coffee Company v. Leathers, No. 51,898 (mandate July 18, 1980), which was heard on that order, and the circuit court order affirming it, I have examined same. That order finds:
(1) Claimant sustained a compensable injury to his back on October 7, 1976, and on September 13, 1977.
(2) Claimant was temporarily totally disabled from October 7, 1976, until February 15, 1977.
(3) Claimant sustained a compensable injury on September 13, 1977, and, according to Dr. Buford Buchanan, maximum recovery had not been obtained as of July 18, 1979.
(4) According to Dr. Buchanan, claimant should be able to return to work with lifting restrictions on January 24, 1978.
(5) Claimant was entitled to temporary partial disability from January 24, 1978, to July 18, 1979, date of the order, and claimant was directed to furnish the employer/carrier a biweekly statement of his earnings so as to enable the employer/carrier to determine the rate of compensation payable under the statute.
After the affirmance of the above order on May 1, 1980, the Commission entered its December 11, 1980, order, calculating the benefits due the claimant to July 18, 1979, the date of said order (penalties and damages were added).
As to fixed compensation benefits, the December 11, 1980, order stated them to be as follows:

It is uncontradicted that under the Commission order of July 18, 1979, the sum of thirteen hundred twenty dollars ($1,320.00) was due; that from September 13, 1977, until July 18, 1979, temporary partial disability benefits were due, no maximum recovery date having been established to that time; that medical benefits were fixed, due and unpaid; that no wage had been earned by claimant to that time.[3] The matter of calculating benefits was simply administrative procedure, which the Commission performed and stated in its December 11, 1980, order; that all other proceedings were for the purpose of determining the date of maximum medical recovery and benefits subsequent to July 18, 1979.
The Commission order of December 11, 1980, stating those parts of the July 18, 1979, Commission order, which became the order of this Court, was, in my opinion, an order entitled to be enrolled. Mississippi Code Annotated § 71-3-49 (1972) provides:
§ 71-3-49. Enforcement of payment in default.
*1346 In case of default by the employer In the .payment of any compensation due under an award for the period of thirty (30) days after payment is due and payable or, where the employer has failed to secure the payment of compensation to his employees as required, where there is such default in payment for a period of ten (10) days after same is due, any party In interest may file with the county clerk for the county in which the injury occurred or the county in which the employer has his principal place of business a certified copy of the decision of the commission awarding compensation or ending, diminishing, or increasing compensation previously awarded, from which no appeal has been taken within the time allowed therefor or, if an appeal has been taken by an employer who has not complied with the provisions of section 71-3-75, where he fails to deposit with the commission the amount of the award as security for its payment within ten (10) days after same is due and payable, and thereupon judgment must be entered in the circuit court by the clerk of such county in conformity therewith immediately upon the filing of such decision. If the payment in default be an installment, the commission may declare the entire award due and judgment may be entered in accordance with the provisions of this section. Such judgment shall be entered in the same manner, have the same effect, and be subject to the same proceedings as though rendered in a suit duly heard and determined by the circuit court, except that no appeal may be taken therefrom. The court shall vacate or modify such judgment to conform to any later award or decision of the commission upon presentation of a certified copy of such award or decision. The award may be so compromised by the commission as in its discretion may best serve the interest of the persons entitled to receive the compensation or benefits. Neither the commission nor any party in interest shall be required to pay any fee to any public officer for filing or recording any paper or instrument or for issuing a transcript of any judgment executed in pursuance of this section. (Emphasis added)
Long after affirmance of Leathers v. Tupelo Coffee Company and Aetna Casualty & Surety Company, No. 51,898, and rendition of the mandate on July 18, 1980, and after the case sub judice had been unanimously decided on June 28, 1982, in favor of the petitioner/claimant for enrollment of the judgment, but before the opinion was handed down on July 28, 1982, unknown to this Court, additional proceedings had been held in regard thereto. On July 13, 1982, the record of those proceedings, styled Leathers v. Aetna Casualty & Surety Company, et al., No. 54,083, was filed with the Clerk of this Court. When the petition for rehearing in the cause sub judice was filed, the writer of the majority opinion on rehearing discovered the record in No. 54,083, and such majority opinion is decided and written largely upon that record.
The respondents/defendants in their briefs on the petition for rehearing state that this Court made an error of fact in finding that only four hundred thirty-five dollars ($435.00) had been paid in compensation benefits since October 7, 1976, after five (5) years and nine (9) months; whereas, their brief recites that twenty-five hundred sixteen dollars eighty cents ($2,516.80) had been paid. With deference, the record before this Court shows that only $435.00 was paid as indicated in the December 11, 1980, Commission order and in our opinion. The record in No. 54,083, referred to by the majority on the petition for rehearing, reflects that subsequent to the December 11, 1980, Commission order, the respondents/defendants filed an instrument designated “Petition for Rehearing on Order Dated December 11, 1980.” In that instrument, the employer/carrier stated:
(1) That since the rendition of the order of December 11, 1980, the employer and carrier have paid unto claimant temporary total benefits from January 24,1978, through July 24, 1978, at the rate of $91.00 per week plus a ten percent penalty as provided by Section 71-3-37, Missis *1347 sippi Code of 1972, which total amounts was $2109.80 $2516.80 [4]
Reference is made to the above record only to indicate that, in deciding the Mise. No. 1317 originally, we decided the case on the proper record, while on petition for rehearing an entirely different record and case were used.
In my view, the December 11,1980, Commission order covering the period to July 18, 1979, is final because of our judgment and is entitled to enrollment. This does not prohibit Tupelo Coffee Company and Aetna Casualty from questioning the accuracy of the computation of benefits, interest and penalties, by appropriate procedures, such as motion to vacate, modify or correct judgment.[5]
Orders for the issuance of mandamus writs from this Court are common. At times, they are necessary and required to enforce our judgments and for maintaining the orderly appellate judicial process.
Although the Workmen’s Compensation Commission, the Circuit Court of Lee County, and the Mississippi Supreme Court have adjudicated that claimant has been entitled to compensation benefits, under the law, since October 7, 1976, five (5) years nine (9) months have elapsed and he has not been paid those benefits, except for $435.00.[6] This graphically points out an injustice in the workmen’s compensation law, which cries out for remedy.
PATTERSON, C.J., and BOWLING and DAN M. LEE, JJ., join in this dissent.

. Leathers v. Gardner, 413 So.2d 1390 (Miss.1982).

. Justices Hawkins and Prather from the Northern District. Justice Prather came on the Mississippi Supreme Court on July 15, 1982.

. Record upon which majority relies.

. Part of the amount fixed in the January 18, 1979, and December 11, 1980, Commission order.

. Miss.Code Ann. § 71-3-49. This does not suggest, or mean, delay or dilatory methods in enforcement of the judgment. Compensation benefits have not been computed subsequent to July 18, 1979, on the Mise. No. 1317 record.

.According to the proper record before us, but $2,516.80, according to the record in another cause, No. 54,083.