Submitted on record and briefs February 25, petition for judicial review dismissed April 13, 1994

JAMES SCOTT HOPKINS,
*Petitioner,*

*v.*

DEPARTMENT OF CORRECTIONS,
*Respondent.*

(CA A80229)

872 P2d 433

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie S. Andrus, Assistant Attorney General, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

■　Petitioner seeks a "declaratory ruling binding between the agency and petitioner for retroactive application of" OAR 291-97-020(7).[1] His claim would appear to be based on ORS 183.410, which provides for binding *agency* rulings as to the applicability of an agency rule to a state of facts. Although an agency's ruling made under that statute is subject to review in the Court of Appeals, we do not have original jurisdiction over such a claim. Petitioner cites ORS 183.480 as the source of the court's jurisdiction to review the administrative rule. That statute confers jurisdiction for our review of a final agency order. There has been no final order in this case; accordingly, we may not review the rule pursuant to ORS 183.480.

■　The only possible source of authority for our review of the administrative rule is ORS 183.400, which provides for the review of the validity of any rule in the manner provided for review of orders in contested cases. However, even under that statute, the petition does not state a basis for review. Petitioner does not challenge the validity of the rule itself; he disputes the agency's interpretation of the rule, as indicated in an internal memorandum, that earned time credits for presentence incarceration will be available only to inmates admitted after June 9, 1993. Although it is plausible that the agency's interpretation could one day be the basis for a declaratory ruling under ORS 183.410 or a contested case order which would be subject to our review under ORS 183.480, ORS 183.400 does not give us the authority to

---

[1] OAR 291-97-020(7) provides:

"Determination of Earned Time Credits During Presentence Incarceration: Earned time credits will be computed for the period in which an inmate is in custody in a non-Department of Corrections facility prior to sentencing, based solely on the inmate's conduct in the facility. Conduct compliance will be assumed, unless the Department receives documentation of an adjudicated misconduct from the facility. The inmate will be granted an effective 0 to 20 percent reduction in the sentencing guidelines prison term proportional for the length of presentence incarceration. Any adjudicated misconduct during the presentence incarceration will result in an effective percent reduction in the sentencing guidelines prison term proportional for the length of presentence incarceration. Conduct compliance will result in an effective 20 percent reduction in the sentencing guidelines prison term proportional for the length of presentence incarceration."

The rule provides for earned time credit for presentence incarceration. The agency has interpreted the rule to apply only to inmates "admitted" on or after June 9, 1993.

review the agency's interpretation of the rule. Our only authority under that statute is to review the validity of the rule as written. *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 573 n 7, 687 P2d 785 (1984); *Oregon Bankers Assn. v. Bureau of Labor and Ind.*, 102 Or App 539, 544, 796 P2d 366 (1990). There being no challenge to the validity of the rule on its face, the petition is dismissed.

Petition for judicial review dismissed.