691 So.2d 429 (1997)
In re Kirk FORDICE, as Governor of the State of Mississippi.
No. 96-M-00114-SCT.
Supreme Court of Mississippi.
March 13, 1997.
*430 Philip W. Gaines, Steven W. Wall, Currie Johnson Griffin Gaines & Myers, Jackson; Mark Garriga, Jackson; Greg Hinkebein, Jackson, for Petitioner.
Michael C. Moore, Attorney General, Jackson; William Allain, Jackson; Richard F. Scruggs, Charles J. Mikhail, Scruggs Millette Lawson Bozeman & Dent, Pascagoula, for Respondent.
Deidra D. Jones, Brooke Ferris, Norman Gene Hortman, Jr., Gibbes Graves Millins Bullock & Ferris, Laurel; W. Wayne Drinkwater, Jr., Lake Tindall & Thaxton, Jackson; Jim Warren, III, Waycaster & Warren, Jackson; Raymond D. Cotton, Oppenheimer Wolff & Donnelly, Washington, DC; David W. Baria, Hubbard Pierce & Baria, Jackson; Scott Harshbarger, Attorney General of Massachusetts, Boston, MA; Sharon L. Scott, Thomas H. Green, Ass't Attorneys General, Boston, MA; Robert A. Butterworth, Attorney General of Florida, Tallahassee, FL; Richard P. Ieyoub, Attorney General of Louisiana, Baton Rouge, LA; Jeffrey B. Pine, Attorney General of Rhode Island, Providence, RI; Jeffrey L. Amestoy, Attorney General of Vermont, Montpelier, VT, for Amicus Curiae.
En Banc.
SMITH, Justice, for the Court:
This matter is before this Court on Governor Fordice's invocation of the original jurisdiction of this Court in an attempt to assert authority in general over certain duties concerning the Division of Medicaid and in particular over the conduct of a certain lawsuit pending in the Chancery Court of Jackson County. The Governor specifically asks that this Court order the Attorney General of this State to perform certain acts and to refrain from performing others. After review of the petitions, responses, briefs of amici curiae and oral argument, this Court finds that it is without jurisdiction to act as a trial court in this matter, and dismisses the Governor's petition and supplementary petition.

STATEMENT OF FACTS
This petition was filed on February 16, 1996, as an original action in this Court. Governor Fordice ("Petitioner") alleges that as Governor he is
vested with the duty, responsibility, and authority to administer the Division of Medicaid on behalf of the State of Mississippi and in accordance with the Mississippi Medicaid Plan; ... with the exclusive authority to appoint an Executive Director for the Division of Medicaid, with such Executive Director to serve at the will and pleasure of the Governor, and subject to the direction and control of the Governor;... with the exclusive authority and responsibility to effect settlement agreements for recovery of Medicaid funds, and to execute the release of any and all claims held or potentially held for recovery of Medicaid funds expended by or through the State of Mississippi. The Division of Medicaid, as a division of the Office of the Governor, and as a State agency administered *431 by the Governor, has the exclusive right to make claim for or bring civil suit for reimbursement of sums paid by the Division of Medicaid for medical assistance, treatment, or otherwise in accordance with the Mississippi Medicaid Plan.
In contrast, the Governor alleges that the Attorney General ("Respondent"),
[o]ther than fulfilling the orders and instructions of the Governor, defending suits filed against the Division of Medicaid, providing legal counsel and advice to the Governor, reviewing and providing written certification that agreements between the Division of Medicaid and the Department of Heath and Human Services are in accordance with the terms and requirements of Title 14, Article 13, of the Mississippi Code, and to grant approval of the Governor's hiring of contingency fee private legal counsel for suits brought in the name of the Division of Medicaid, ... has no legal duty, authority, nor right to act as or on behalf of the Office of the Governor, Division of Medicaid.
As a result, the Petitioner argues that Cause No. 94-1429, filed by the Respondent in the Jackson County Chancery Court, is unauthorized, yet the Respondent has refused to cease prosecuting the suit.
Petitioner now asks that this Court issue a declaratory judgment to the effect that:
A. The Governor is the administrator of the Division of Medicaid;
B. Suits brought for recovery of Medicaid funds must be brought in the name of the Division of Medicaid by the administrator of the Division of Medicaid;
C. Private, legal counsel that are retained/employed on a contingency basis to represent the interests of the Division of Medicaid must be employed by the Division of Medicaid and the administrator thereof, subject to the approval of the Attorney General;
D. Insofar as Cause No. 94-1429 in the Chancery Court of Jackson County, Mississippi, involves a suit for damages consisting of Medicaid funds and the reimbursement therefor, such lawsuit and the actions and prosecution thereof by the Attorney General, as "Mike Moore, Attorney General ex rel State of Mississippi," and the actions of the Attorney General relating to such filing and prosecution, are unauthorized and outside the legal authority of the Attorney General, until instructed and authorized by the Governor to prosecute such civil action on behalf of and in the name of the Division of Medicaid;
E. The Division of Medicaid is not subject to res judicata, collateral estoppel, sanction, release, accord and satisfaction, nor other legal effect of any sort that may potentially affect a party to such cause;
F. The Attorney General is subject to the Constitution and Laws of the State of Mississippi, and has no valid legal authority to file civil actions nor otherwise take actions that are contrary to and outside of the parameters of the powers of his office as vested by the people through validly enacted Mississippi law.
The Petitioner also asks this Court to issue a writ of mandamus and prohibition requiring the Attorney General and legal counsel acting at his direction:
G. To cease and desist from actions for recovery of Medicaid funds until employed and/or directed to do so by the Governor;
H. To notify the trial court and all parties to the unauthorized lawsuit that the Division of Medicaid is not a party to such lawsuit and that no Medicaid funds are included in the damages claims of such lawsuit;
I. To limit the exercise of the power, resources, and position of the Attorney General's office in accordance with the provisions of the Constitution and Laws of the State of Mississippi;
J. To refrain from using the power and position of the Attorney General's office to file and prosecute civil suits, restrain State personnel from fulfilling the duties of their respective offices or unlawfully interfere therewith, retain private counsel for representation of Mississippi and/or agencies/divisions thereof, and/or purportedly execute contracts for legal employment on a contingency basis, outside of the provisions of Mississippi law; and

*432 K. To refrain from legal representation of the interests of the Division of Medicaid, and/or other action relating thereto, inconsistent with the expressed wishes and instructions of the Governor as administrator of the Division of Medicaid... .
On May 23, 1996, Petitioner filed a Supplemental Petition for Writ of Mandamus and Prohibition with this Court alleging that the Respondent entered into an unauthorized settlement with certain defendants in the suit pending in Jackson County Chancery Court.

DISCUSSION OF LAW

I.
The Petitioner argues that this controversy is within the original jurisdiction of this Court in accordance with Miss. Code Ann. § 9-1-19 (Supp. 1995), which states:
The judges of the Supreme and circuit courts and chancellors and judges of the Court of Appeals, in termtime and in vacation, may severally order the issuance of writs of habeas corpus, mandamus, certiorari, supersedeas and attachments, and grant injunctions and all other remedial writs, in all cases where the same may properly be granted according to right and justice, returnable to any court, whether the suit or proceedings be pending in the district of the judge or chancellor granting the same or not. The fiat of such judge or chancellor shall authorize the issuance of the process for a writ returnable to the proper court or before the proper officer; and all such process or writs may be granted, issued and executed on Sunday.
Petitioner also cites M.R.A.P. 21, which provides in part:
(a) Writs and Process, Supreme Court. The Supreme Court shall issue all writs and process necessary for the exercise and enforcement of its appellate jurisdiction and may enforce its mandates by fine and other appropriate sanctions.
... .
(c) Mandamus or Prohibition to a Judge or Judges; Petition for Writ; Service and Filing. Application for a writ of mandamus or prohibition directed to a judge or judges shall be made by filing a petition with the clerk of the Supreme Court with proof of service on the judge or judges and on all parties to the action in the trial court.
A petition for writ of mandamus, writ of prohibition, or other extraordinary writ shall not bear the name of the judge or judges, but shall be entitled, In re: ____, Petitioner.
... .
(e) Other Extraordinary Writs. Application for extraordinary writs other than those provided for in subdivisions (c) and (d) of this rule shall be made by petition filed with the clerk of the Supreme Court with proof of service on the parties named as respondents. Proceedings on such application shall conform, so far as is practicable, to the procedure prescribed in subdivisions (c) and (d) of this rule.
The Petitioner relies on several cases in support of the proposition that this action does not lie solely against a judge, but may be sought against any "judicial or quasi-judicial officer" in exercise of this Court's "original jurisdiction." Petitioner cites Holmes v. Board of Supervisors, 199 Miss. 363, 24 So.2d 867 (1946); Owens v. Reese, 203 Miss. 322, 33 So.2d 834 (1948); and Fanning v. Town of Hickory, 201 Miss. 620, 30 So.2d 65 (1947), in support of his argument. However, these cases do not involve the original jurisdiction of this Court; rather all were originally filed in circuit court and subsequently appealed to this Court.
Moreover, all of these cases involved attempts to restrain non-judicial officials from conducting some type of action. For example, Holmes involved an attempt to restrain the sheriff and county board of supervisors from forbidding the sale of beer in the county during certain hours. Owens involved an attempt to restrain the sheriff from proceeding in the circuit court in his attempt to forfeit the appellant's automobile. Fanning attempted to prevent the town officials of Hickory from enforcing an ordinance concerning the sale of beer.
In each case, this Court held that the attempt to use the writ of prohibition was inappropriate, in part because the officials to *433 be restrained were not judicial officers and were not involved in judicial action. Rather than expanding the use of an extraordinary writ, these cases strictly construe its use. As in Holmes, Owens, and Fanning, the instant case involves such an attempt to utilize the writ of prohibition.
The vast majority of mandamus and prohibition actions filed in this Court seek to direct or prohibit some action by a trial court. Here, the Petitioner seeks to direct or prohibit action on behalf of an officer within the executive branch of government. Miss. Code Ann. § 11-41-1 (Supp. 1995) provides for mandamus or prohibition of this type:
[2] On the complaint of the state, by its Attorney General or a district attorney, in any matter affecting the public interest, or on the complaint of any private person who is interested, the judgment shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law. All procedural aspects of this action shall be governed by the Mississippi Rules of Civil Procedure.
In addition, Miss. Code Ann. § 11-41-3 provides:
The complaint shall be filed in the circuit court of the county in which the tribunal, corporation, board, officer, or person made defendant, or some one or more of them, shall reside or be found; but if the judge of that court be interested, the complaint may be filed in an adjoining circuit court district.
Miss. Code Ann. § 11-41-1 first states that a mandamus action may be brought on complaint of the State by the Attorney General, a district attorney or an interested private person. The Petitioner, suing in his capacity as Governor and Administrator of the Medicaid Division, does not meet the statutory requirements. This statute also requires that the judgment shall be issued by a circuit court rather than this Court.
The final requirement for mandamus found in § 11-41-1 is that the petitioner does not have access to "a plain, adequate, and speedy remedy in the ordinary course of law." This Court has approved this language in order to assure that mandamus is not utilized in an attempt to circumvent administrative or trial court remedies, followed by an appeal. See Cowan v. Gulf City Fisheries, Inc., 344 So.2d 724 (Miss. 1977) (circuit court grant of mandamus requiring city clerk to change property zoning classification was reversed where administrative remedy and appeal were available); State ex rel. Herring v. Cox, 285 So.2d 462 (Miss. 1973) (original action for mandamus in Supreme Court would be dismissed where appeal from circuit court on same controversy was pending in Supreme Court).
Moreover, the comment to M.R.A.P. 21 requires the same respect of available trial court remedies, stating that "[w]ith the exception of the writ of mandamus required by Rule 15, a party must seek relief in the trial court before obtaining the extraordinary relief of a remedial writ from the Supreme Court." Here, the Petitioner does not allege that any attempt has been made, in any trial court, to seek the same or similar relief the Petitioner requests in this original action, nor does the Petitioner explain why the remedies available at the trial level would be inadequate.
This Court recently, in In re McMillin, 642 So.2d 1336 (Miss. 1994), acting pursuant to Miss.Sup.Ct.R. 2(c), suspended the provisions of Rule 21 on behalf of McMillin for good cause shown. McMillin involved an order of the Hinds County Chancery Court enjoining this state's judicial elections entered approximately two weeks before the judicial primaries were scheduled to be held. McMillin had obtained a conflicting order from the Lee County Chancery Court. McMillin, 642 So.2d at 1338. Thus, we found exigent circumstances existed in two conflicting chancery court orders granted within days of this states judicial elections.
In the present case, no such circumstances exist. The action about which the Petitioner complains has proceeded in the Jackson County Chancery Court since May 1994. *434 Moreover, whether the Respondent has the authority to file and proceed with the lawsuit is certainly a matter of public importance; however, Petitioner could have attempted to intervene in the Jackson County proceeding. This Court declines to act as a trial court regarding this issue. Therefore, this Court declines to invoke its discretionary jurisdiction in this matter.

II.
The Petitioner also asks this Court to issue a declaratory judgment. Declaratory judgments are discussed in Miss.R.Civ.P. 57. It is clear from the language of Rule 57 that a declaratory judgment action is contemplated as an action to be brought in the trial court. We have been provided with no authority indicating that this Court has ever assumed jurisdiction of a declaratory judgment action as an original civil action.
Conversely, in numerous appeals, this Court has reviewed declaratory judgment actions involving controversies concerning the power and authority of state government bodies and officials as is presented here. Without exception, in all these cases, the action was filed in a trial court and proceeded to final judgment in that forum before being reviewed on appeal by this Court. See Moore v. Board of Sup'rs of Hinds County, 658 So.2d 883 (Miss. 1995) (youth court judges' ability to participate in development and implementation of budget); Fordice v. Bryan, 651 So.2d 998 (Miss. 1995) (constitutionality of partial vetoes of legislative bills); Fordice v. Thomas, 649 So.2d 835 (Miss. 1995) (application of Administrative Procedures Law to rule making by the Governor's Office); Mississippi Ethics Com'n v. Aseme, 583 So.2d 955 (Miss. 1991) (possible conflict of interest where doctor with staff privileges at publicly-owned community hospital sat on Board of Trustees of same hospital); State ex rel. Moore v. Molpus, 578 So.2d 624 (Miss. 1991) (initiative and referendum); Dye v. State ex rel. Hale, 507 So.2d 332 (Miss. 1987) (separation of powers as to the Lieutenant Governor); Frazier v. State By and Through Pittman, 504 So.2d 675 (Miss. 1987) (constitutionality of conflict of interest statutes); Alexander v. State By and Through Allain, 441 So.2d 1329 (Miss. 1983) (separation of powers).
Other jurisdictions have addressed this issue. Some have found that appellate courts do not have original subject matter jurisdiction over declaratory judgment actions. See Hopkins v. Department of Corrections, 127 Or. App. 210, 872 P.2d 433 (1994); Courier-Journal v. Peers, 747 S.W.2d 125 (Ky. 1988). However, others have found original jurisdiction where authorized by an emergency situation, matters of great public concern or a specific grant of jurisdiction by constitution or statute. See State v. State Board of Equalization, 145 Mont. 380, 403 P.2d 635 (1965); Campbell v. White, 856 P.2d 255 (Okla. 1993); Voinovich v. Ferguson, 62 Ohio St.3d 1224, 584 N.E.2d 737 (1992).
The instant matter is not an emergency nor does our Constitution or statutory law specifically grant such jurisdiction to this Court. Section 144 of the Mississippi Constitution provides that "[t]he judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this constitution."
Section 146 of the Mississippi Constitution adds:
The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law. The Legislature may by general law provide for the Supreme Court to have original and appellate jurisdiction as to any appeal directly from an administrative agency charged by law with the responsibility for approval or disapproval of rates sought to be charged the public by any public utility. The Supreme Court shall consider cases and proceedings for modification of public utility rates in an expeditious manner regardless of their position on the court docket.
Our jurisdiction is also addressed by legislative enactment in Miss. Code Ann. § 9-3-9 (Supp. 1995), which states:
The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals, and shall hear and determine all *435 manner of pleas, complaints, motions, causes, and controversies, civil and criminal, which are now pending therein, or which may be brought before it, and which shall be cognizable in said court; but a cause shall not be removed into said court until after final judgment in the court below, except as provided by Section 9-4-3, or in cases particularly provided for by law; and the Supreme Court may grant new trials and correct errors of the circuit court in granting or refusing the same.
Provided, however, the Supreme Court shall have such original and appellate jurisdiction as may be otherwise provided by law in cases and proceedings for modification of any rates charged or sought to be charged to the public by any public utility.
Admittedly, the case of In Re Mike Moore: Attorney General Ex Rel, State of Mississippi Tobacco Litigation, Cause No. 94-1429, has generated much publicity and public interest, however, that case has proceeded since 1994 in an orderly manner and currently set for a trial in June of 1997 in the Jackson County Chancery Court. The Petitioner did not seek relief in the trial court. We, therefore, decline to intervene at this time. An adequate remedy exists on the merits for the In Re Mike Moore: Attorney General Ex Rel, State of Mississippi Tobacco Litigation Petitioners on direct appeal concerning error, if any, committed by the chancellor.
In light of the foregoing, we hold that under M.R.C.P. 57 and the constitutional and statutory provisions cited, this Court is without subject matter jurisdiction to hear and issue the declaratory judgment requested by the Petitioner. Therefore, it is ordered that the Petition for Writ of Mandamus and Prohibition and for Declaratory Judgment and Supplemental Petition for Writ of Mandamus and Prohibition and Declaratory Judgment filed by Petitioner be dismissed.
PETITION FOR WRIT OF MANDAMUS AND PROHIBITION AND SUPPLEMENTAL PETITION FOR WRIT OF MANDAMUS AND PROHIBITION AND DECLARATORY JUDGMENT DISMISSED.
DAN LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
McRAE and MILLS, JJ., not participating.