# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-01438-SCT

*RALPH ARNOLD SMITH, JR., INDIVIDUALLY,*
*AND EX REL. THE STATE OF MISSISSIPPI*

*v.*

*JAMES M. HOOD, III, WHO PURPORTS TO BE*
*ACTING AS ATTORNEY GENERAL FOR THE*
*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/04/2016 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | WILLIAM CHARLES BELL |
| | HAROLD EDWARD PIZZETTA, III |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM CHARLES BELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: HAROLD EDWARD PIZZETTA, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 03/01/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     Ralph Smith sued the Attorney General of Mississippi, Jim Hood, in the Hinds County Circuit Court.  Smith filed various causes of action, each of which was premised on Smith's purely legal argument that the Office of the Attorney General is in the judicial branch of the state government.  The circuit court disagreed with Smith and found that, as a matter of law, the Office of Attorney General is in the executive branch, and so, the circuit court granted summary judgment in favor of Hood.  Smith now appeals.

¶2.     This case requires this Court to address whether the Office of Attorney General—located in Article 6 of our state Constitution—is a member of the executive or judicial branch of our government. We find our caselaw on this question is clear: the Office of Attorney General is a member of the executive branch of the government. And so, we affirm the circuit court's grant of summary judgment.

## FACTS AND PROCEDURAL HISTORY

¶3.     In 2012, Smith was arrested and indicted in Leflore County for capital murder, conspiracy, and burglary. This arrest led to a litany of suits filed against various parties including: the State of Mississippi, the District Attorney for the Fourth Circuit, the Attorney General's Office, the Department of Mental Health, and the Greenwood Police Department.

¶4.     Relevant to this appeal, on June 27, 2016, Smith filed a civil action against the Attorney General of Mississippi, Jim Hood, in the Hinds County Circuit Court. The specific cause of action brought by Smith was, initially, a complaint for *quo warranto* under Mississippi Code Section 11-39-1 (Rev. 2012). But, over the course of the proceedings, the circuit court twice allowed Smith to amend his complaints. The second amended complaint contained three causes of action: a statutory writ of *quo warranto*, a declaratory judgment, and a statutory writ of prohibition. All of Smith's causes of action were premised on the legal theory that the Attorney General is a judicial officer, and thus, he was precluded from carrying out any law-enforcement or prosecutorial duties, as those are duties reserved for the executive branch.

¶5.     After Smith filed his first amended complaint, the Attorney General filed an answer

2

and moved for summary judgment—arguing among other things that, as a matter of law, this Court had determined conclusively that the Attorney General is housed in the executive branch of our state government. After additional procedural actions, and a hearing on the matter, the circuit court granted summary judgment in favor of the Attorney General. In granting the summary judgment, the circuit court agreed with the Attorney General that, as a matter of law, the Office of Attorney General is within the executive branch of the state government. And so, on October 4, 2016, the circuit court entered a final judgment. The next day, Smith timely filed his notice of appeal.

## STANDARD OF REVIEW

¶6.    Under Rule 56 of the Mississippi Rules of Civil Procedure, summary judgment is proper in cases where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). On appeal, this Court reviews a circuit court's grant of summary judgement de novo. ***Conrod v. Holder***, 825 So. 2d 16, 18 (Miss. 2002).

## DISCUSSION

¶7.    Appealing the circuit court's grant of summary judgment in favor of the Attorney General, Smith argues that, under the Constitution of the State of Mississippi, the Attorney General is within the judicial branch. In light of this Court's well-established caselaw on this question, we find Smith's argument completely devoid of legal merit.

¶8.    The offices of Attorney General and the state's district attorneys find their creation in Article 6 of our Constitution. Miss. Const. art. 6, §§ 173, 174. Article 6 is titled

3

"Judiciary," and, along with the creation of the Office of Attorney General, Article 6 also creates the judicial branch of the Mississippi state government. Miss. Const. art. 6. Because of its placement under article 6, Smith argues that as a purely legal matter, the Attorney General (and district attorneys) are members of the judicial branch and not the executive branch. Yet this argument ignores this Court's caselaw on this question.

¶9.    Indeed, when addressing a location-based argument, as Smith makes here, we have held that an office's location within the text of the Constitution does not necessarily determine its branch of government. *See Dye v. State ex rel. Hale*, 507 So. 2d 332 (Miss. 1987) (noting that, even though the offices of Attorney General and district attorney are found under the article labeled "Judiciary," they belong to the executive department of government). In explaining the significance (or lack thereof) of where an office is created under our Constitution, we have explained:

> We think the import of the constitution's article labels more modest. They are a mere facility of convenience, adding or detracting nothing from the content of the substantive language of the various sections of the constitution. Indeed, the article labels carry no more significance than do the section numbers.

*Id*. at 346 n.20.

¶10.    In *In re Fordice*, we also opined that the Office of Attorney General was a member of the executive branch. *In re Fordice*, 691 So. 2d 429 (Miss. 1997) (holding that this Court did not have original jurisdiction over the Governor's petition seeking mandamus or prohibition against the Attorney General because the Governor sought "to direct or prohibit action on behalf *of an officer within the executive branch of government*" (i.e, the Attorney General)) (emphasis added). And when addressing other prosecutorial offices, such as that

4

of a district attorney, we have explained that a prosecutor "is an officer of the executive department of government, as distinguished from the judicial department." *Jackson v. State*, 311 So. 2d 685, 661 (Miss. 1975).

¶11. After reviewing the relevant caselaw, we find that Smith's argument that our Constitution places the Office of Attorney General within the judicial branch is without merit. First, Smith bases his argument on the mere fact that the office is located within Article 6, which is entitled "Judiciary," and this location-based argument is one that we have explicitly rejected. *See Dye*, 507 So. 2d at 332. Second, we have been consistent in our finding that the Office of Attorney General is a component of the executive branch. And while we are cognizant of the fact that we never have directly confronted a case in which a litigant, such as Smith, challenges the Attorney General's ability to discharge his law-enforcement and prosecutorial duties (by arguing that he is constitutionally prohibited from discharging such duties), we find that our previous opinions addressing this matter are clear: the Office of Attorney General, under our Constitution, is a component of the executive branch. That the office is located within the article entitled "Judiciary" is of no consequence.

## CONCLUSION

¶12. With all this in mind, we find that the circuit court was correct in finding Smith's argument legally flawed. And so we affirm the circuit court's grant of summary judgment in favor of the Attorney General. In affirming the circuit court, we decline to consider the propriety of Smith's claims in and of themselves.

¶13. **AFFIRMED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. COLEMAN, J., NOT PARTICIPATING.**